## 49422. SMITH v. THE STATE.

BELL, Chief Judge.

The defendant after his arrest was given the warning required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), and then made an incriminating statement. On cross examination a state's witness testified that he could not recall whether the defendant requested that a lawyer be present at the interrogation and that he was not denying "that he requested a lawyer." Subsequent to this interrogation, another police officer interrogated the defendant. The second officer relied upon the warning given by the first. The defendant made a confession at the second interview to the 4 burglaries upon which he was tried and convicted. The second police officer several days later re-advised the defendant and obtained a written waiver of defendant's rights against self-incrimination and his

right to have the advice and assistance of a lawyer prior to and during interrogation and a written confession. All of these statements were admitted over timely objection. *Held:*

The burden rests upon the state to demonstrate clearly that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel. Miranda v. Arizona, supra. As to the first statement, the state totally failed to carry its burden of showing a waiver of the right to counsel. Therefore, the first statement was inadmissible. The state has not demonstrated that subsequent confessions were obtained by means sufficient to purge the underlying illegality from the subsequent ones. Thus the subsequent confessions were tainted by the first. Wong Sun v. United States, 371 U. S. 471, 488 (83 SC 407, 9 LE2d 441).

*Judgment reversed. Quillian and Clark, JJ., concur.*

SUBMITTED JUNE 28, 1974 — DECIDED JULY 5, 1974 — REHEARING DENIED JULY 23, 1974 — 

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*Bryant Huff, District Attorney, Gary Davis,* for appellee.