## 52307. BILLINGS v. THE STATE.

MCMURRAY, Judge.

This is a theft by taking case in which the defendant was convicted and sentenced to serve four years and 11 months. Defendant appeals. *Held:*

1. The first enumeration of error complains of the denial of a continuance for a reasonable time for preparation of the defense, but when the case was called both the district attorney and the defense counsel announced ready, and we find no evidence of a motion for continuance having been made. A party cannot remain

quiet and then seek review on a question not raised in the lower court. *Cowart v. Ga. Hospital Service Assn.,* 135 Ga. App. 45 (1) (217 SE2d 379). This court is limited to reviewing objections made in the lower court. *H. W. Ivey Const. Co. v. Transamerica Ins. Co.,* 119 Ga. App. 794, 795 (2) (168 SE2d 855); *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 481 (191 SE2d 298). There is no merit in this complaint.

2. In charging on the definition of theft by taking, the court read the substance of Code § 26-1802 (a) and thereafter added the phrase "with the intention to appropriate such merchandise for his own use or to his own use." The defendant contends that this was error and was misleading to the jury inasmuch as it was not applicable to the evidence in the case. The evidence here shows that the defendant arrived at the place of business of the victim in an automobile. Thereafter, the defendant was seen surreptitiously slipping around the counter with the victim's money box in his hand and then ran out the door with the victim chasing him. The charge as given is not subject to attack inasmuch as there is evidence to support same, even though the exact definition of the word intent as given in Code § 26-1802 was not given. There is no doubt from the facts shown there was an intent to appropriate merchandise (money) for one's own use or to his own use. There is no merit in this complaint. *Stull v. State,* 230 Ga. 99 (196 SE2d 7).

3. The evidence here showing the taking of the money box without permission of the owner with intent to remove it, which defendant did do, the evidence was sufficient to support the verdict, and there is no merit in any of the complaints nor was it contrary to law or the evidence.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 17, 1976.

*W. Michael Strickland,* for appellant.
*Nat Hancock, District Attorney,* for appellee.