## 69234. CHAMBERS v. THE STATE.
(327 SE2d 564)

SOGNIER, Judge.

Appellant appeals his conviction of possession of dextropropoxyphene in violation of the Georgia Controlled Substances Act.

A warrant was issued and appellant was arrested for failure to appear in court. When appellant was taken into custody, the police officer observed him trying to conceal dextropropoxyphene and appellant was accordingly indicted. During trial at a bench conference, defense counsel agreed not to object to testimony concerning the warrant if proper curative instructions were given to the jury. The judge, accordingly, gave curative instructions before and after the testimony of the police officer. The police officer then testified without objection from defense counsel that he arrested appellant pursuant to a warrant issued for failure to appear in court.

Appellant's sole enumeration of error is that the trial court erred by allowing the officer to testify that appellant was arrested on a warrant issued for failure to appear in court because it placed his character into issue. Since appellant affirmatively waived any objection to the testimony at a bench conference during trial, any alleged error in permitting such testimony was induced by appellant. When an appellant induces the testimony complained of, he is in no position to complain. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 27, 1985.

*D. Leon Sproles*, for appellant.

*F. Larry Salmon, District Attorney, T. Russell McClelland II, Assistant District Attorney*, for appellee.