GRIMES, Acting Chief Judge.
This is an appeal from a conviction for attempted second-degree murder with a firearm following a jury trial. Appellant contends that error occurred in the denial of his motion to suppress statements made as the product of custodial interrogation.
Appellant was arrested on the grounds of a hotel in Orlando when an Orange County deputy sheriff, Helgren, realized he fit a BOLO description of a suspect in the shooting of a police officer in Polk County. While appellant was being detained in an Orange County patrol car, a Polk County investigator, Putnel, advised him of his Miranda [1] rights. Appellant requested the opportunity to have an attorney present during questioning. Putnel immediately terminated the interrogation and informed another Polk County police officer, Cavalle-ro, that appellant was exercising his right to an attorney and was therefore not to be questioned.
Helgren and Cavallero then escorted appellant to the wounded police officer’s hospital room to obtain a positive identification. After appellant was viewed by the wounded police officer, he was taken to an interrogation room in the hospital where his Miranda warnings were reread to him by a third Polk County police officer, Pri-meau. At that time, appellant did not reassert the right to consult an attorney. Ca-vallero was present during the questioning which ensued but remained silent as to *86 appellant’s prior invocation of his constitutional right to talk to an attorney. As a result of Primeau’s interrogation, appellant confessed to the shooting of the police officer. Appellant confessed two more times that day, once again to Primeau in a Polk County stationhouse and later to Helgren upon his transport to the Orange County jail for investigation of a crime committed in Orlando. Appellant was also read the Miranda warnings before each of these two confessions. Once again, appellant asked for a lawyer when Helgren read him the question from the standard card relating to the right to have an attorney present for questioning. Helgren nevertheless continued the questioning and obtained the third confession.
The United States Supreme Court has taken a strong position concerning the conduct of the police in initiating further interrogation after a suspect in custody has invoked his constitutional right to consult with an attorney. Thus, in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Court stated:
[W]e now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.
451 U.S. at 484-85, 101 S.Ct. at 1884-85, 68 L.Ed.2d at 386 (footnote omitted). As the Supreme Court noted in a later decision:
In the absence of such a bright-line prohibition, the authorities through “badger[ing]” or “overreaching” — explicit or subtle, deliberate or unintentional— might otherwise wear down the accused and persuade him to incriminate himself notwithstanding his earlier request for counsel’s assistance.
Smith v. Illinois, 469 U.S. 91, -, 105 S.Ct. 490, 494, 83 L.Ed.2d 488, 495-96 (1984).
Here, Putnel testified that appellant had clearly invoked his right to consult an attorney upon initially having been given his Miranda warnings. None of the subsequent interrogations which led to appellant’s three confessions were initiated by appellant. Admittedly, Primeau did not know that appellant had previously told Putnel that he wanted to talk with a lawyer. However, our sister court has held that it makes no difference that the officer who initiates the subsequent interrogation is not aware of the suspect’s prior request for counsel. Williams v. State, 466 So.2d 1246 (Fla. 1st DCA), petition for review dismissed, 469 So.2d 750 (Fla.), petition for review denied, 475 So.2d 696 (Fla.1985). In any event, Cavallero had been told by Putnel that appellant had requested a lawyer, and Cavallero was present when Pri-meau obtained the first confession.
The state’s reliance upon Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), is misplaced. In that case, the Supreme Court held that the fact that a confession had to be suppressed for failure to give Miranda warnings did not require the suppression of an otherwise voluntary confession subsequently given by the accused after he had been advised of his Miranda rights. The Court declined to invoke the fruit of the poisonous tree doctrine which is applicable to fourth amendment violations. However, the Court made clear that its ruling did not encompass cases in which the defendant had invoked his right to counsel when it stated:
Likewise inapposite are the cases the dissent cites concerning suspects whose invocation of their rights to remain silent and to have counsel present were flatly ignored while police subjected them to continued interrogation. See, e.g., United States ex rel. Sanders v Rowe, 460 F.Supp 1128 (N.D.Ill.1978); People v Braeseke, 25 Cal 3d 691 [159 Cal.Rptr. *87 684], 602 P.2d 384 (1979), vacated on other grounds, 446 US 932, 64 L Ed 2d 784, 100 S Ct 2147 [64 L.Ed.2d 784] (1980); Smith v. State, 132 Ga App 491, 208 SE2d 351 (1974).
470 U.S. at - n. 3, 105 S.Ct. at 1295 n. 3, 84 L.Ed.2d at 235 n. 3. Cf. Martin v. Wainwright, 770 F.2d 918 (11th Cir.1985) (suppression of confession for failure to honor Miranda right to cut off questioning does not automatically require exclusion of subsequent confession).
Under the circumstances, we have no alternative but to suppress all three confessions. We reverse appellant’s conviction and remand the case for a new trial.
DANAHY and SCHOONOVER, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).