## 71692. GAINES v. THE STATE.
(347 SE2d 673)

BEASLEY, Judge.

Gaines appeals from the judgment of conviction and 10-year sentence for statutory rape. (OCGA § 16-6-3).

1. The first enumeration is that the court erred in denying the motion to suppress the custodial statement following a *Jackson v. Denno*[1] hearing and erred in admitting it into evidence for the jury to consider.

Gaines was arrested on a warrant for rape and so advised, after a complaint was lodged by the guardian of the victim and the police talked to the examining physician, retrieved some evidence from the scene to which the victim took the police, and sent rape kit samples to the State Crime Lab for analysis. The arrest occurred about 11:30 a.m. outside defendant's home, and the typed and signed statement was obtained by about 1:00 p.m. after defendant was taken to the sheriff's office and before he was locked up.

Defendant was given the *Miranda* warnings. He was asked to relate basically what had happened, i.e., his side of the story, which he gave. In essence, it was that sexual intercourse did occur, that it was prompted initially by the female, and that it was consensual. In effect, then, the statement was exculpatory of forcible rape because the element of force was absent as a matter of fact. OCGA § 16-6-1.

No issue is made as to voluntariness except that Gaines contends that his statement was not made knowingly, intelligently, and voluntarily because he did not know that he would be, or might be, charged with statutory rape. If he had known, he probably would not have given the statement, he says. Then the issue at trial would have been whether sexual intercourse had actually occurred, or whether it had occurred with this defendant. Proof of age would no doubt have foreclosed age as an issue of fact. Instead, the statement nearly conclusively showed that sexual intercourse did occur and left defendant with almost no defense.

In support of the argument that he should have been warned that there was at least the possibility he would be indicted for statutory rape rather than forcible rape, appellant cites only a federal constitutional law case. Thus the sole question is whether the custodial interviewer must advise the arrestee of the possible charges on which the grand jury might indict (or the public prosecutor charge in an accusation), absent which any statement regarding crimes not charged in the arrest warrant or expressly understood to be the subject of the interview would be inadmissible as not voluntarily, knowingly, and intelli-

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

gently made.

Although appellant argues that he was deceived by the officer, he conceded at the trial that neither he nor the officer knew at the time of the interview, and not until the later preliminary hearing, that the female was age 13 and so under the age of consent. Thus he would put a burden on the investigator in this case to know all of the facts so that he would be apprised of any other crimes for which the arrestee might be charged arising out of the incident, before asking him any questions. He would also put a burden on the investigator to know the law, that is, what crime or crimes the facts he was gathering constituted. That, of course, is not the duty or function of law enforcement officers. See OCGA §§ 16-1-3; 35-8-2 (8). Rather, they gather the facts and present them to the public prosecutor, who determines what law, if any, has been violated in his judgment and advises the grand jury of his legal opinion so that it can determine whether a formal charge should be placed and for violation of what statute. OCGA § 15-18-6 (2) and (4).

Even the case cited by appellant, *Carter v. Garrison*, 656 F2d 68 (4th Cir. 1981), cert. den. 455 U. S. 952 (1982), does not go as far as appellant would have us trod. When Carter signed the waiver, he knew the investigation involved a break-in; the inquiry shifted to the homicide which occurred on the premises and he then made inculpatory statements about it. The court held that the suspect's ignorance of the exact subject of the interrogation must only be assessed as one part of the total circumstances involving the voluntariness of the statement. "The police have no duty, as part of the *Miranda* warnings, to inform a suspect of the crime which they are investigating. *Miranda v. Arizona*, 384 U. S. 436, 467-79 (86 SC 1602, 1624-30, 16 LE2d 694) (1966)." Id. at 70.

Here the subject was an alleged incidence of sexual intercourse with a certain named female several days before. The interview sought to elicit the facts. The legal consequences of those facts and others known or unknown to the defendant were not relevant to the inquiry whether his statement was made voluntarily, understandingly, and knowingly. We find no authority to the contrary.

2. The second enumeration is that the court erred in not declaring a mistrial when a state's witness referred to the "rape" after the court granted defendant's motion in limine to refrain from use of the word.

In the first place, the court had ruled on the motion that insofar as it applied to mention of the use of force or the female's resistance, it was granted. The crux of defendant's argument had been that force and resistance were totally irrelevant to the issues in statutory rape, and that such factors would prejudicially insinuate a violent and forcible type act of which Gaines was not charged. The court further

ruled that as to the word "rape," it would adequately explain matters to the jury so that it understood the legal meaning in terms of the crime charged here. Defendant did not further object to this dichotomy in the ruling on his motion. "A party cannot remain quiet and then seek review on a question not raised in the lower court." *Billings v. State*, 139 Ga. App. 95, 96 (1) (227 SE2d 892) (1976).

Secondly, the word was necessarily used by the officer in answering defendant's questions on cross-examination. Both times occurred in connection with inquiry regarding what the officer wrote in his report and what he did not include, and why. In explaining why he did not record that he had seen the defendant and the female together on a certain day, he had to state the sequence of events. This included "when . . . the hospital called the Bryan County Sheriff's Department about allegedly rape" and "The day that we were advised that who had . . . was accused of committing the rape and who the person was, I remembered I reported to the Chief I said, 'Yes, I saw those two together that Saturday afternoon.' That's all I seen. That's what I reported to the Chief." So in both instances the defendant set the stage for use of the word he wished omitted, and he cannot now complain. *Chambers v. State*, 173 Ga. App. 570 (327 SE2d 564) (1985); *Cole v. State*, 156 Ga. App. 6, 8 (5) (274 SE2d 64) (1980); *Jackson v. State*, 154 Ga. App. 411, 412 (1) (268 SE2d 749) (1980).

Moreover, defendant did not move for a mistrial on the ground of the two references to "rape" until following the testimony of another state's witness. Such was too late. See *Germany v. State*, 235 Ga. 836, 845 (6) (221 SE2d 817) (1976); *Seabrooks v. State*, 251 Ga. 564, 567 (1) (308 SE2d 160) (1983).

Even if the motion was timely, we do not find an abuse of discretion in refusing to grant a mistrial. No manifest abuse is shown such that a mistrial was essential to the preservation of defendant's right to a fair trial. *Clark v. State*, 159 Ga. App. 136, 137 (1) (282 SE2d 752) (1981); *Calloway v. State*, 176 Ga. App. 674, 676 (1) (337 SE2d 397) (1985). The references to "allegedly rape" and "rape" are not seen as abridging Gaines' right to a fair trial, considering especially that the legislature has chosen to name the offense of sexual intercourse with a female under the age of fourteen, "statutory rape." That was in the indictment, and the court in instructing the jury made it abundantly clear what the elements were.

Appellant cites no authority for his position and merely argues that the officer's use of the word "rape" without prefacing it with "statutory" was prejudicial to him. The use of the word "statutory" would have been factually incorrect in the context of the subject matter under discussion during the cross-examination.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

*Lloyd D. Murray*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Steven Archer, Assistant District Attorneys*, for appellee.