HALL, Judge.
The state appeals from the order granting the appellee’s motion to suppress statements and admissions. We affirm.
A van parked at the scene of a burglary was traced to the appellee, Clifford De-Ville, through a license plate check. As a result, the appellee was arrested for the burglary of a business. At the time of his arrest officers from the Polk County Sheriff’s Office checked the vehicle identification number on the appellee’s van and discovered that the van was stolen. While the stolen van was being investigated the ap-pellee was given Miranda warnings by a Polk County detective. The appellee requested an attorney, and the detective ceased questioning. The appellee was then transported to a Polk County substation, and since the theft of the van was a Lake-land Police Department case, the Lakeland police were notified that the appellee was in custody. Approximately an hour later a detective from the Lakeland Police Department questioned the appellee about the stolen van. The Lakeland detective was not informed by the Polk County detective that the appellee had requested an attorney after being taken into custody for the burglary. The appellee was given Miranda warnings a second time; however, instead of repeating his request for an attorney, he made several statements concerning his acquisition of the van.
The appellee was charged with burglary and grand theft. He moved to have his statements made at the station suppressed on the ground that they were taken in violation of his right to counsel under Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The appellee’s motion was granted by the trial court.
On appeal the state argues that the ap-pellee’s invocation of his right to counsel applied only to the investigation of the burglary and was not violated by the Lake-land detective’s subsequent questioning about a different offense, the grand theft. We disagree.
A suspect who requests counsel is not subject to further interrogation until counsel is made available to him, unless the suspect himself initiates further communication. Edwards; Eight v. State, 512 So.2d 922 (Fla.1987). It is no defense that the officer conducting the subsequent interrogation is not aware of the suspect’s prior request for counsel. Anderson v. State, 487 So.2d 85 (Fla. 2d DCA 1986). The appellee’s arrest for burglary and grand theft occurred in the same chain of events, and the appellee was aware , that he was being investigated for both crimes at the time he requested an attorney. Therefore, the invocation of his right to counsel was in effect as to both crimes. Once the appellee requested an attorney all questioning should have ceased until an attorney was made available to him. All statements the appellee made after the law enforcement officer reinitiated questioning were properly suppressed.
Accordingly, the trial court’s order granting the appellee’s motion to suppress is affirmed.
DANAHY, C.J., and RYDER, J., concur.