A90A1706. BAIRD v. THE STATE.
(402 SE2d 802)

POPE, Judge.

Defendant Andrew Baird was convicted of shoplifting, carrying a concealed weapon and carrying a pistol without a license. The record shows defendant was stopped by a store employee as he was about to exit the store because the employee suspected him of shoplifting. When questioned by the employee, defendant denied concealing any store property but revealed that he was carrying a pistol beneath his coat. Defendant eventually admitted taking store property and agreed to sign a written admission on a form provided by the store. By the time defendant actually signed the written statement, a police officer

arrived and was present in the room with defendant and the store employee. Although the statement was obtained by the store employee and not the police officer, the officer testified at the admissibility hearing that defendant was under arrest at the time he signed the statement. Thus, the trial court excluded from evidence the written admission of shoplifting because the evidence did not establish the defendant had been properly advised of his constitutional rights.

After the statement was signed but before the officer interrogated defendant, the officer read defendant his rights and defendant responded that he understood them but made no request for an attorney. Defendant went on to make oral statements to the officer relating only to the weapon charges. These statements were admitted at trial. Citing *Smith v. State*, 132 Ga. App. 491 (208 SE2d 351) (1974), defendant argues on appeal that the insufficient showing of a waiver of his constitutional rights as to the first written statement also taints the admissibility of the second oral statement and that the trial court erred in admitting testimony regarding the oral statements made to the officer.

The facts of this case are materially distinguishable from those in *Smith*. In *Smith* the State did not demonstrate that the admissions made after the initially tainted confession were obtained by means sufficient to "purge" the taint. A statement improperly obtained, and therefore inadmissible, does not necessarily taint a subsequent statement made after proper warnings and a knowing and voluntary waiver of rights. *Oregon v. Elstad*, 470 U. S. 298 (105 SC 1285, 84 LE2d 222) (1985). Here, the evidence shows the officer properly informed defendant of his constitutional rights and the defendant acknowledged his understanding and waiver of those rights before the oral statements were made. Moreover, the oral statements made after a proper warning and waiver of rights related only to the weapon charges and were unrelated to the shoplifting charge which was the subject of the inadmissible written statement. Because no evidence was presented that the trial court's ruling on the admissibility of the oral statement was clearly erroneous or an abuse of discretion, the ruling is affirmed. See *Sanborn v. State*, 251 Ga. 169 (2) (304 SE2d 377) (1983).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 1, 1991.

*Kathleen J. Anderson*, for appellant.
*Ken Stula, Solicitor, J. Michael Bass, Assistant Solicitor*, for appellee.