### A94A1429. WILLIAMS v. THE STATE.
(447 SE2d 716)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated child molestation and statutory rape. Defendant filed a motion for new trial, claiming (in pertinent part) that the trial court erred in admitting his custodial statement that he and the 13-year-old victim entered into consensual sexual intercourse.[1] The evidence adduced at a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), reveals the following:

During the afternoon of August 7, 1991, Agent Dean McManus of the Georgia Bureau of Investigation and Investigator Grady Toney of the Laurens County Sheriff's Department executed three arrest warrants charging defendant with aggravated sodomy, aggravated child molestation and rape. Agent McManus and Investigator Toney transported defendant to the Laurens County Sheriff's Department and placed him in a holding cell. Less than 15 minutes later, defendant was moved to an office (without restraint) and appeared before Agent McManus, Investigator Toney and "Lisa Wicker with the Department of Family and Children Service." Defendant was then given an opportunity to examine the arrest warrants and Agent McManus read a form entitled, *"WAIVER CERTIFICATE,"* advising defendant of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), and asking defendant whether, "understanding these rights and

---

[1] Defendant initially denied any sexual encounter with the victim, but later stated that he provided his 13-year-old daughter and the 13-year-old victim with liquor; that the victim made sexual advances upon him after his daughter passed out (apparently the result of alcohol consumption); that the victim then followed him to a bedroom and that he and the victim engaged in consensual sexual intercourse. Defendant denied that he sodomized the victim.

having these rights in mind[,] he's willing to talk about the charges of rape, aggravated sodomy, and aggravated child molestation." Defendant then affirmed that he could "read and write" and Agent McManus gave defendant "a chance to read . . ." the *"WAIVER CERTIFICATE."* Defendant did not "say whether . . . he had any questions concerning what [the form] meant." He just signed the *"WAIVER CERTIFICATE,"* and returned it to Agent McManus.

Within five minutes after executing the *"WAIVER CERTIFICATE,"* Investigator Toney showed defendant a form entitled, "Statement of Miranda Rights." This form consisted of an enumeration of *Miranda* rights and a section entitled, "Waiver of Rights." The "Waiver of Rights" section provides as follows: "I have read the above statement of my rights and I understand each of those rights, and having these rights in mind I waive them and willingly make a statement." Defendant executed this form and then "asked [Agent McManus] if he needed a lawyer present. [Agent McManus] advised [defendant that] if he wanted a lawyer present, we would get him one, and [defendant] advised [Agent McManus that] he did not think he needed one at the time." Lisa Wicker then left the interview and Agent McManus began the interrogation.

This appeal followed the denial of defendant's motion for new trial. *Held:*

In his sole enumeration, defendant contends he did not enter into a knowing, voluntary and intelligent waiver of his rights, arguing that "[t]he combination of [defendant] with his fifth grade education relying on the Officers to tell him whether or not he needed [an] attorney plus his . . . misunderstanding of the charges amounts to a denial of due process." Defendant also reasons that allegations (in the arrest warrants) charging him with sexual activity "against [the victim's] wishes," "without her consent," via "use [of] force" and "against her will" duped him into believing that the victim's consent was a valid defense to the crimes charged in the criminal warrants and admitting that he had consensual sexual intercourse with the victim. This enumeration is without merit.

A suspect's failure to appreciate incriminating elements in a statement has little bearing on the knowing, intelligent and voluntary nature of the suspect's waiver of the right to remain silent and the right to an attorney. See *Peebles v. State,* 196 Ga. App. 176, 177 (1a) (395 SE2d 640). Further, an interrogating officer has no duty (or authority) to advise a suspect of the consequences of a particular admission; nor does the officer have an obligation under *Miranda v. Arizona,* 384 U. S. 436, supra, to advise a suspect against custodial interrogation without a lawyer. See *Gaines v. State,* 179 Ga. App. 623 (1), 624 (347 SE2d 673). It is sufficient that an interrogating law enforcement officer fully advise a suspect of the specific rights and op-

tions prescribed in *Miranda v. Arizona*, 384 U. S. 436, supra, before questioning, allowing the suspect the right to independently select the options prescribed therein without coercion, trickery or device of any kind. In the case sub judice, Agent McManus testified that he fully and fairly advised defendant of his rights under *Miranda v. Arizona*, 384 U. S. 436, supra; that defendant gave every indication of having a full comprehension and understanding of those rights; that defendant was not subjected to anything which induced him to give up his rights and that defendant voluntarily executed forms waiving his rights under *Miranda v. Arizona*, 384 U. S. 436, supra. This testimony and other evidence adduced at the *Jackson v. Denno* hearing authorized the trial court's finding that defendant entered into a knowing, voluntary and intelligent waiver of his rights under *Miranda v. Arizona*, 384 U. S. 436, supra. The trial court did not abuse its discretion in allowing evidence of defendant's custodial statement. See *Baird v. State*, 198 Ga. App. 791 (402 SE2d 802).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 15, 1994.

*Morris S. Robertson*, for appellant.

*Ralph M. Walke*, District Attorney, *Peter F. Larsen*, Assistant District Attorney, for appellee.