## A98A1647. ATWATER v. THE STATE.
### (503 SE2d 919)

ELDRIDGE, Judge.

A Ware County jury found Jonathan Atwater guilty of two counts of robbery by sudden snatching. He appeals. We affirm.

At approximately 7:00 a.m. on August 7, 1997, a taxi cab picked up Atwater in downtown Waycross. At Atwater's direction, the cab driver pulled over so that Atwater could speak to friends. As the driver pulled over to the curb, Atwater reached into the driver's shirt pocket, removed $26, jumped out of the cab, and ran. An acquaintance of Atwater's witnessed the robbery and provided Atwater's identification to the police.

Three hours later, Atwater entered the Super 10 store in Waycross and approached the cashier, ostensibly to purchase a box of

Chiclets. When the cashier opened the cash drawer for the purchase, Atwater reached into the drawer, grabbed $360, and ran from the store. Atwater made his escape on a black Beach Cruiser bicycle, which was found five minutes after the robbery outside of a residence located at 1006 H. J. Echols. The owner of the residence consented to a search of the premises, and Atwater was found hiding in a back bedroom that the owner rented to a woman named Sonya Brooks. Atwater was sweating profusely as if he had been running. During the search of his person incident to arrest, Atwater stated "What are you looking for? The money? It's over there in the laundry basket." Seventy-five dollars was recovered from the laundry basket. Thereafter, Atwater gave a statement to the police in which he admitted to the commission of both robberies. *Held*:

1. The evidence was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Atwater was guilty of two counts of robbery by sudden snatching. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Based upon the "fruit of the poisonous tree" doctrine, Atwater challenges the trial court's denial of his motion to suppress his statements and other evidence gained following his arrest. Atwater contends that the owner of the residence located at 1006 H. J. Echols was not authorized to consent to a search of the back bedroom in which Atwater was found, since the owner rented the room to Sonya Brooks. Atwater claims that he was Sonya Brooks' "overnight guest" at the residence and frequent "social guest"; thus, Atwater contends that he had an expectation of privacy therein, and the officers' warrantless entry into the residence allegedly violated his Fourth Amendment rights. We do not agree.

"A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U. S. 128, 134 (99 SC 421, 58 LE2d 387) (1978). The burden is on the one claiming a violation of Fourth Amendment rights to demonstrate that he has standing to contest such violation, i.e., that he has a legitimate expectation of privacy in the premises searched. *Rakas v. Illinois*, supra at 148-149; *Keishian v. State*, 202 Ga. App. 718 (415 SE2d 324) (1992).

Here, Atwater failed in his burden to show that he has standing to challenge the officers' entry into the room of Sonya Brooks. While Atwater claims that he was an "overnight guest" and frequent "social visitor" in Brooks' room, Sonya Brooks did not testify on Atwater's behalf at the motion to suppress, Atwater did not testify at the motion to suppress, and the only evidence produced in support of Atwater's contentions came in the form of inadmissible hearsay, as

will be discussed in Division 3, infra. Without evidence of Atwater's standing to challenge the search of Brooks' room, the trial court's denial of Atwater's motion to suppress is not error. *Ferron v. State*, 216 Ga. App. 456 (454 SE2d 637) (1995). This enumeration of error is without merit.

3. Next, Atwater contends that the trial court committed reversible error by refusing to permit the introduction of the out-of-court statements of Sonya Brooks. Atwater claims that such out-of-court statements were admissible under the "necessity exception" to the hearsay rule and would have demonstrated his standing to contest the warrantless entry into Brooks' room in support of his motion to suppress. We disagree.

During the motion to suppress, the defense called Sonya Brooks to the stand. After the call, it was determined that Brooks did not honor her subpoena and appear. The defense attorney then called to the stand a legal assistant with the public defender's office; the assistant had been present during the defense attorney's interview with Brooks "about two o'clock yesterday afternoon." After the State made a hearsay objection, the defense argued that Brooks' statement was admissible under the necessity exception to the hearsay rule. The trial court sustained the State's objection, but allowed the defense to proffer the statement for appellate purposes. The legal assistant then testified that Brooks told her that Atwater had permission to come into her room; that he had come into the room on "five or six occasions" prior to the incident; and that he had stayed in the room on the incident date "from approximately one a.m. in the morning until eight a.m."

OCGA § 24-3-1 (b) provides that hearsay evidence is admissible in specified cases from necessity. There are two prerequisites for admission of hearsay because of necessity: 1) necessity, i.e., unavailability; and 2) particularized guarantees of trustworthiness. *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991); *McBee v. State*, 228 Ga. App. 16 (491 SE2d 97) (1997).

Pretermitting the validity of the defense attorney's claim of "unavailability" as to a witness he had interviewed only the day before, we conclude that the second prong for the introduction of evidence under the necessity exception to the hearsay rule was not satisfied; the record does not show the presence of particularized indicia of reliability and trustworthiness so as to make Brooks' out-of-court statement admissible. Atwater, as a frequent overnight guest in Ms. Brooks' room, was obviously (at a minimum) a close friend, thereby making Brooks' statement subject to partiality. See *Mallory v. State*, supra. Such close relationship presents an "insufficient [ ] basis for demonstrating the reliability necessary to authorize the admission of hearsay testimony under the necessity exception." *Carr v. State*, 267

Ga. 701, 705 (482 SE2d 314) (1997).

In addition, Brooks' statement lacks any spontaneity or timeliness; the statement was clearly made in preparation for trial, since it was given the day before trial when the incident occurred some five months previously. Compare *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979).

Finally, Brooks' statement is not corroborated in any fashion; in fact, her statement that Atwater was present in her room at 8:00 a.m. on the day of the incident is belied by the testimony of the cab driver who picked Atwater up in Waycross at 7:00 a.m., as well as by Atwater's own confession to the robbery of the cab driver during that same 7:00 a.m. time period.

Absent the requisite indicia of reliability and guarantees of trustworthiness, the trial court did not err in refusing to permit the introduction of Brooks' out-of-court statement under the "necessity exception" to the hearsay rule.

4. Atwater contends that the statement he gave to the police was involuntary because "[i]nterrogating a suspect who is under the influence of crack cocaine or withdrawal symptoms and inflicting sleep deprivation constitutes an interrogation method of torture and duress." In addition, Atwater claims that the interviewing officer's explanation of the difference between concurrent and consecutive sentences "coerced" his confession. Thus, Atwater contends that the trial court erred in admitting his custodial statement.

We have reviewed the record of the *Jackson/Denno*[1] hearing conducted in this case in relation to Atwater's contentions and find no evidence of torture, duress, or coercion. The interviewing officer testified that he advised Atwater of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966); that Atwater indicated he understood those rights; that Atwater was not subjected to anything which induced him to give up his rights; and that Atwater voluntarily executed a form waiving his rights under *Miranda v. Arizona*, supra. Further, the record shows that the interviewing officer's explanation of the difference between consecutive and concurrent sentences was not offered as an incentive to make the contested statement; the officer's explanation was given during the videotaped interview which was conducted *after* Atwater had made his initial confession to the two robberies.

Also, while the record shows that Atwater seemed tired, he did not ask for the questioning to stop, although the officer advised him that he could do so; the questioning only lasted for 15 or 20 minutes, during which time the officer testified that Atwater did not appear to

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

be under the influence of drugs and appeared to comprehend the questions asked. Further, the record indicates that any drug use would have occurred after the first, 7:00 a.m. robbery, some four hours prior to the interview. "If [Atwater] had been exhibiting symptoms of drug withdrawal, that fact does not render his statements involuntary." *Bright v. State*, 265 Ga. 265 (5) (b) (455 SE2d 37) (1995).

"In deciding the admissibility of a statement during a Jackson-Denno hearing, the trial court must consider the totality of the circumstances and must determine the admissibility of the statement under the preponderance of the evidence standard. Unless the factual and credibility findings of the trial court are clearly erroneous, the trial court's decision on admissibility will be upheld on appeal." (Citations and punctuation omitted.) *State v. Walker*, 204 Ga. App. 1, 2 (418 SE2d 384) (1992). The evidence here supports the trial court's finding that Atwater's statement was voluntary. No error has been shown. Accordingly, we find no error in the trial court's ruling. *Williams v. State*, 214 Ga. App. 423 (447 SE2d 716) (1994); *Baird v. State*, 198 Ga. App. 791 (402 SE2d 802) (1991).

5. It was not error for the trial court to deny Atwater's motion for continuance, made in the middle of trial, in order to secure the testimony of Sonya Brooks. During trial, Atwater argued that his inability to locate Brooks reached the extent that the trial court should consider her legally "unavailable," and admit her out-of-court statement under the necessity exception to the hearsay rule. See Division 3, supra. When that argument did not meet with success, Atwater requested a continuance in order to secure Brooks' attendance. However, Atwater failed to demonstrate any of the prerequisites for the proper granting of such continuance, including that Atwater would actually be able to procure the testimony of such an "unavailable" witness. OCGA § 17-8-25. "Because the record shows that [Atwater] failed to satisfy each of the requirements of OCGA § 17-8-25 in seeking the continuance, we cannot say the trial court abused its discretion." *Denny v. State*, 226 Ga. App. 432 (2) (486 SE2d 417) (1997).

6. Next, Atwater claims that the trial court erred in denying his extraordinary motion for new trial based on "newly discovered evidence," i.e., the affidavit of Sonya Brooks stating essentially the same information as the defense proffered during trial when attempting to tender Brooks' out-of-court statement pursuant to the necessity exception to the hearsay rule. Obviously, then, the information contained in the affidavit was not "newly discovered." Atwater cannot get in through the back door that which he was unable to use during trial. Accordingly, for the reasons discussed in Divisions 3 and 5, supra, the trial court did not err in denying Atwater's extraordinary motion for new trial.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 9, 1998.

*Edward F. Smith*, for appellant.
*Richard E. Currie*, District Attorney, *Theo M. Sereebutra*, Assistant District Attorney, for appellee.