## A99A0961. KUNIS v. THE STATE.
### (518 SE2d 725)

BLACKBURN, Presiding Judge.

Gregory S. Kunis appeals from his conviction of misdemeanor theft by taking, following a jury trial, contending that the trial court erred by: (1) admitting an incriminating custodial statement made by him and (2) denying his motion for directed verdict. He also contends that there was insufficient evidence to support the verdict. For the reasons set forth below, we affirm.

1. Kunis contends that the trial court erred by admitting an incriminating custodial statement made by him because the statement was not given voluntarily.

> [W]hether a waiver of rights and a subsequent statement have been voluntary and knowing depends on the totality of the circumstances. The totality of the circumstances is determined through a consideration of nine factors: 1) age of the accused; 2) education of the accused; 3) knowledge of the accused as to both the substance of the charge and the nature of his right to consult an attorney and remain silent; 4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; 5) whether the accused was interrogated before or after formal charges had been filed; 6) methods used in interrogation; 7) length of interrogation; 8) whether or not the accused refused to voluntarily give statements on prior occasions; and 9) whether the accused has repudiated an extrajudicial statement at a later date.

(Citation omitted.) *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993).

> The burden is on the prosecution to show the voluntariness of a custodial statement by a preponderance of the evidence. Factual and credibility determinations of this sort made by a trial judge after a voluntariness hearing must be accepted

by appellate courts unless such determinations are clearly erroneous.

(Citation and punctuation omitted.) *Tucker v. State*, 231 Ga. App. 210, 212 (1) (a) (498 SE2d 774) (1998).

The evidence at Kunis' *Jackson-Denno* hearing shows that Kunis was informed of and understood his rights; that he was questioned only once by one investigator while one other police officer was present; that the questioning lasted no more than fifteen or twenty minutes; that he showed a willingness to cooperate and that he never repudiated his statement. Thus, the trial court's findings are supported by the evidence and are not clearly erroneous.

2. In three enumerations of error, Kunis contends that the evidence was insufficient to support the verdict. Kunis specifically argues that the State failed to produce either the victim of the theft or the items stolen.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Kunis] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in this light, the evidence shows that Kunis admitted to taking two sets of tires, two batteries, two come-a-longs and a large spotlight from his employer, Western Auto. Kunis then sold the items to another man for small sums of money and some marijuana. This man, who was the subject of a Georgia Bureau of Investigation narcotics investigation, gave or sold the items to a GBI confidential informant. This evidence was sufficient to authorize the jury's finding that Kunis was guilty beyond a reasonable doubt. See *Jackson*, supra.

Kunis' argument that the State failed to satisfy its burden of proof because it did not produce a victim of the crime or the stolen property is misplaced. The manager of the Western Auto testified at trial regarding the stolen items and their value. Furthermore, although the State never produced any of the stolen items at trial, recovery (and therefore display) of the stolen items is not essential to prove theft by taking. *Ware v. State*, 143 Ga. App. 663 (239 SE2d 552) (1977).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999.

*Albert L. Watson III*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth A. Overcamp, Assistant District Attorney*, for appellee.