### A11A0196. FRAZIER v. THE STATE.

(715 SE2d 712)

BARNES, Presiding Judge.

This is the second appearance of this case in this Court. Allen Lee Frazier was convicted of aggravated assault and possession of a firearm during the commission of a crime. In *Frazier v. State*, 298 Ga.

App. 487, 490-491 (1) (680 SE2d 553) (2009) ("*Frazier I*"), we reversed Frazier's conviction after finding that his statement was obtained in violation of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and that defense counsel's failure to object to the admission of the statement during the State's case-in-chief was deficient and prejudicial.

Frazier was retried and before Frazier's second trial, the trial court held that, while his statements were inadmissible for use in the case-in-chief, they were voluntary and thus potentially admissible to impeach him if he testified. Frazier did not testify, and a jury, once again, found him guilty of the same offenses, and he was sentenced to twenty years to serve seven.

He now appeals, contending that the trial court erred in finding his custodial statement voluntary and that its decision prevented him from testifying at trial, thus violating his Fifth and Sixth Amendment rights. Upon our review, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on the night of May 16, 2005, Frazier's wife drove him to the victim's machine shop, at which Frazier worked and in which he had a partnership interest. Frazier and the victim had recently disagreed about the financial arrangement. Frazier's ex-wife testified that Frazier believed that the victim was selling business equipment without his knowledge, and had gone to the business that night to "spy on [the victim] a little bit." The victim was working when Frazier and his wife arrived. According to his ex-wife, after sitting outside one of the bay doors for approximately fifteen minutes, Frazier stepped out of the vehicle, stood with one foot inside the vehicle, and pointed his arm straight "up in the air," and then she heard rapid gunshots. Because the casings fell directly onto her car, she assumed that Frazier fired a gun into the air. She testified that she did not see the gun or which way Frazier pointed the gun. The victim testified that he saw Frazier standing next to the ex-wife's car near the bay door, and when he heard the gunshots he jumped into a nearby vehicle. He later called police and reported the incident. The police arrested Frazier and transported him to the police station for questioning.

Before the first trial, trial counsel waived a *Jackson-Denno* hearing to determine if Frazier's statement was voluntary, and the State played the videotape of the custodial interview during its case-in-chief, without objection. *Frazier I*, 298 Ga. App. at 488. Frazier also testified during the first trial. In *Frazier I*, we noted that the State conceded that Frazier's statement was obtained in violation of *Miranda* because, per the videotape interrogation, Frazier repeatedly asked to speak to his lawyer, but the police continued to question him thereafter. Id. at 489-490 (1). We further noted that

"[i]n the videotape of Frazier's custodial interrogation, he appears to be intoxicated, and he repeatedly uses profanity." Id. at 490 (1). In reversing, we held that "[p]retermitting whether Frazier's statement was voluntary, it was simply not admissible during the prosecution's case-in-chief." Id.

Before the second trial, the trial court conducted a *Jackson-Denno* hearing to address Frazier's contention that the statements made during his interrogation were involuntary and inadmissible for purposes of impeachment. The trial court found that

> the statements of [Frazier] were voluntary. The Court has examined the videotape and watched it very closely in regard to [Frazier], not just his words he spoke, but the manner in which he spoke them, his demeanor, all the circumstances [for] the purpose of determining [Frazier's] ability to understand what he's doing and the extent of his intoxication. And the Court concludes that he was making knowing and intelligent statements and that they were voluntary. I'll mention, merely anecdotal[ly], when the officer was reciting [Frazier's] rights, [Frazier] recited the first two before the officer could finish them. Clearly, he had an understanding of what was taking place and the consequences of any statement that he might make.

The trial court then ruled that Frazier's statements were voluntary and admissible for impeachment purposes, but that it would reserve ruling on each statement's "relevance and the prejudicial effect . . . subject . . . to the issue being placed before the court by objection." In electing not to testify, Frazier stated for the record that "if the Court had ruled that [his statement] was involuntary and couldn't be used, that he would be testifying."

1. In his sole enumeration of error, Frazier contends that his Fifth and Sixth Amendment rights were violated because the trial court erroneously found that his custodial statement was voluntary and admissible for impeachment purposes, and that, but for the ruling, he would have testified at trial.

> Although a statement obtained in violation of *Miranda* may not be used in the prosecution's case-in-chief, it may be used to impeach the defendant's credibility if its trustworthiness meets legal standards. This test means that a court must find that the statement is voluntary under traditional due process analysis.

(Footnote omitted.) *Linares v. State*, 266 Ga. 812, 813 (2) (471 SE2d

208) (1996). The burden is on the prosecution to show the voluntariness of a custodial statement by a preponderance of the evidence. *Kunis v. State*, 238 Ga. App. 323 (1) (518 SE2d 725) (1999), overruled in part on other grounds by *Vergara v. State*, 283 Ga. 175, 178 (1) (657 SE2d 863) (2008). Voluntariness is determined based upon the totality of the circumstances. *Atwater v. State*, 233 Ga. App. 339, 343 (4) (503 SE2d 919) (1998). Factual and credibility determinations made by a trial judge after a voluntariness hearing must be accepted by appellate courts unless they are clearly erroneous. *Kunis*, 238 Ga. App. at 323-324.

The videotape of Frazier's custodial statement was State's Exhibit 29 at the first trial, and was also apparently played at the *Jackson-Denno* hearing before the second trial. However, neither the videotape nor a transcript of it is included in the appellate record. Frazier argues that his custodial statement was involuntary because it was conducted while he was obviously intoxicated, and was the product of unlawful interrogation that continued after he invoked his rights to counsel and to remain silent.

The mere fact that a defendant was intoxicated at the time of the statement does not render it inadmissible. *Mullis v. State*, 248 Ga. 338, 340-341 (9) (282 SE2d 334) (1981). Although Frazier maintains that the videotape reflects the "effects of the copious amount of alcohol" he consumed, that he was "drunk," and that he "exhibited poor physical and mental coordination," we have not been provided with the videotape. As a result, our review is limited to the other evidence presented at the *Jackson-Denno* hearing.

At the hearing, the police officer who conducted the interview testified that although Frazier appeared to be under the influence of alcohol, he also appeared to understand what was going on, and his answers were responsive. The officer testified that he had on previous occasions witnessed people who, because of their intoxication, were incoherent and unable to comprehend what was happening, but that Frazier was not "in that condition." The trial court reached the same conclusion after viewing the videotape, and we must accept factual and credibility determinations made by a trial judge after a voluntariness hearing unless clearly erroneous. See *Kunis*, 238 Ga. App. at 323-324 (1).

Thus, as the videotape of Frazier's custodial statement was not made available for appellate review, and we must accept the trial court's factual findings as to the voluntariness of the statements unless clearly erroneous, we affirm the trial court's ruling. See *Shelby v. State*, 265 Ga. 118, 119 (2) (453 SE2d 21) (1995).

2. As a result of the trial court's ruling that his statement was voluntary, Frazier did not testify and therefore the State did not seek to introduce the statement to impeach him. Frazier claims that he

was denied his constitutional right to testify because of the trial court's ruling on the voluntariness issue. However, because we have found that the trial court did not err in finding that Frazier's statement was voluntary, we need not reach this claim of error. See *Linares*, 266 Ga. at 814 (3).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Frazier asserts that the absence of the videotape from the appellate record is not his fault, and requests that this Court direct the trial court clerk to produce a copy of his videotaped interrogation for our review.

We note initially, that it is not the responsibility of this Court to ensure that the appellate record is complete. *Wheeling-Culligan v. Allen*, 243 Ga. App. 776, 777 (533 SE2d 797) (2000). Although it appears that the videotape was included in the appellate record of *Frazier I*, the remittitur in that case was transmitted to the trial court on July 14, 2009. Per our records retention policy, which is set out in our rules and available to the public and the Bar, the appellate record is held for one year following the issuance of the remittitur, unless a party directs this Court in writing to hold all or part of the record. Court of Appeals Rule 42 (b). There was no hold requested in this case, and our records show that the videotape was returned to the Clerk of Whitfield County Court on December 30, 2010. "It is fundamental that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of the cases so that they may take whatever actions may be necessary to protect the interests of their clients." *Bragg v. Bragg*, 225 Ga. 494, 496 (170 SE2d 29) (1969).

Moreover, this Court attempted to locate the videotape prior to its review of the present appeal, and the clerk's office, district attorney's office, and the court reporter all indicated that they did not have the videotape of Frazier's interrogation. Further, as Frazier has only now requested that the record be supplemented with the missing videotape, and has moved this Court to direct the trial court clerk to produce a videotape of the record, he obviously made no attempt to ascertain the location of the missing videotape prior to or after the issuance of our opinion.

Pursuant to Court of Appeals Rule 37 (e), this Court will grant reconsideration

> only when it appears that the Court overlooked a material fact in the record, a statute or a decision which is controlling as authority and which would require a different judgment

from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority.

Our review of the opinion and Frazier's motion reveals no basis for reconsideration. Accordingly, his motion for reconsideration is hereby denied, as is his motion to supplement the record on appeal. *Motion for reconsideration denied.*

DECIDED JULY 29, 2011 —
RECONSIDERATION DENIED JULY 29, 2011.

*Pate & Brody, Bernard S. Brody*, for appellant.
*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.