## A11A1660. THE STATE v. REID.
(722 SE2d 364)

BLACKWELL, Judge.

Reggie Reid was charged with possession of marijuana with intent to distribute,[1] based on evidence that was obtained in the course of a traffic stop. Reid moved to suppress this evidence, contending that there was no proper basis for the stop. The court below agreed, and it granted the motion to suppress. The State appeals, and finding no error in the decision of the court below, we affirm.

When an appeal is taken from the grant of a motion to suppress, we owe no deference to the way in which the court below resolved questions of law, *Barrett v. State*, 289 Ga. 197, 200 (1) (709 SE2d 816) (2011), but we must accept its factual findings "unless clearly erroneous," and we must view the evidence in the light most favorable to the decision of the court below. *Miller v. State*, 288 Ga. 286, 286-287 (1) (702 SE2d 888) (2010). So viewed, the record in this case shows that a Walton County deputy sheriff saw Reid driving a car that had no side view mirrors, and the deputy began to follow it. After a while, the deputy said, he saw a passenger throw "a small, white object" from the car, and the deputy stopped the car. The deputy determined that a warrant was outstanding for the arrest of the passenger, and he arrested the passenger and asked Reid for consent to search the car. Reid gave consent, and the deputy found a bag of marijuana in the trunk. The deputy then arrested Reid for possession of the marijuana, and after the deputy read the *Miranda* warnings, Reid admitted that the marijuana was his. The stop was recorded on video, and the video was shown to the court below at the hearing on the motion to suppress, but no copy of the video appears in the record on appeal.[2]

Reid moved to suppress the marijuana and other evidence

---

[1] See OCGA § 16-13-30 (j).

[2] The State does not dispute the findings of the court below about what is depicted by the

obtained as a result of the stop, asserting that the deputy had no proper basis for the stop. In response, the State argued that the deputy had two distinct grounds for stopping Reid, namely that Reid was driving a car without side view mirrors and that someone in the car had littered by throwing something from the car. The court below rejected the justifications that the State offered for the stop. The court reasoned that no law absolutely requires that a car be equipped with side view mirrors,[3] and even if an officer properly may stop a person based merely on his good faith belief that the person has violated the law, see *McConnell v. State*, 188 Ga. App. 653, 654 (1) (374 SE2d 111) (1988) (physical precedent only), the court found that the deputy did not really believe at the time of the stop that the absence of side view mirrors supplied proper grounds for a stop.[4] The court also found, after viewing the video of the traffic stop, that the deputy did not, in fact, see anyone toss anything from the car,[5] and there was, therefore, no reason to stop the car for littering.

On appeal, the State just ignores the factual findings of the court below, and it argues that the deputy was entitled to stop the car because he really believed that the absence of side view mirrors is

---

video, and in fact, it does not even mention the video in its brief. Although Reid discusses the video extensively in his own brief, the State seems to argue the case as if there were no such recording. If the State thought that the video recording had been misconstrued by the court below, or if the State thought that the video might be helpful to its appeal, we can only assume that the State would, at the least, mention the video somewhere in its brief. No one has asked us to order the supplementation of the record, and under the circumstances of this case, we decline to exercise our discretion to do so sua sponte. See generally *Frazier v. State*, 311 Ga. App. 293, 297 (715 SE2d 712) (2011) ("[I]t is not the responsibility of this Court to ensure that the appellate record is complete.") (on motion for reconsideration).

[3] According to OCGA § 40-8-72 (a), "every motor vehicle which is so constructed or loaded as to obstruct the driver's view to the rear thereof from the driver's position shall be equipped with *a mirror* so located as to reflect to the driver a view of the highway for a distance of at least 200 feet to the rear of such vehicle." (Emphasis supplied.) Here, although the record shows that Reid was driving a car without side view mirrors, the deputy admitted that he could not recall whether the car had a rear view mirror, and the deputy assumed that it did.

[4] The court explained that, if the deputy had, in fact, believed that the operation of a car without side view mirrors is unlawful, the deputy would not have followed the car for so long before he stopped it.

[5] In its order, the court below noted that the video shows nothing tossed from the vehicle, a finding that we, of course, must accept because the video recording is not in the record on appeal. See *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 251, n. 1 (699 SE2d 439) (2010) ("To the extent that the proof necessary for determination of the issues on appeal has been omitted from the record, we must assume that the judgment below was correct and affirm."); see also *Laster v. State*, 311 Ga. App. 360, 363 (3) (715 SE2d 768) (2011) ("A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed.") (citation and punctuation omitted). Because the video shows nothing tossed from the car, the court reasoned, "it is difficult to understand" how the deputy could have seen something tossed from the car, as he testified he had, and then have been able to describe it with as much detail as he did. Although the court did not say so explicitly, it is apparent to us that the court found the testimony of the officer on this point not credible.

unlawful and because he really saw someone littering. We cannot, however, just ignore those factual findings, and on the record before us, we cannot find that they are clearly erroneous. Those findings are based not only upon the video that is absent from the record on appeal, but also upon an assessment of the credibility of the deputy, and we especially must defer to the court below about questions of credibility, inasmuch as it had the opportunity to see and hear from the witnesses in person. See *Santos v. State*, 306 Ga. App. 772, 775 (1) (703 SE2d 140) (2010). Accepting the facts as found by the court below, we see no error in the way in which that court applied the law to those facts. Consequently, we affirm the judgment below.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED JANUARY 23, 2012.

*Layla H. Zon, District Attorney, Marie E. Greene, Erle J. Newton III, Assistant District Attorneys*, for appellant.

*Donna L. Clement*, for appellee.