[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

No. 09-11780
Non-Argument Calendar

_____

D. C. Docket No. 08-00320-CR-01-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANYU OGALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 11, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Manyu Ogale appeals his 120-month sentence for wire fraud. He contends that the district court erred by applying a four-level investment adviser enhancement pursuant to U.S.S.G. § 2B1.1(b)(16)(A)(iii).[1]

## I.

"We review a district court's application of the [sentencing] guidelines to the facts de novo and all factual findings for clear error." United States v. Faris, 583 F.3d 756, 759 (11th Cir. 2009) (quotation marks omitted). The sentencing guidelines provide a four-level enhancement if the offense involved "a violation of securities law, and at the time of the offense, the defendant was . . . (iii) an investment adviser . . . ." U.S.S.G. § 2B1.1(b)(16)(A)(iii). Ogale contends that the district court erred by applying that enhancement to him. He concedes that his offense violated securities law but argues that he was not an "investment adviser." For purposes of the investment adviser enhancement, the term "investment adviser" carries the same meaning as in the Investment Advisers Act of 1940. See U.S.S.G. § 2B1.1 comment. (n.14(A)). The Investment Advisers Act defines an "investment adviser" as "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or

---

[1] In the 2009 Sentencing Guidelines Manual, the investor adviser enhancement is located in § 2B1.1(b)(17).

selling securities . . . ." See 15 U.S.C. § 80b-2(a)(11). Ogale argues that he was not "in the business of advising others" "for compensation" and thus did not qualify as an investment adviser under the sentencing guidelines. See id.

Ogale contends that he was not "in the business of advising others" because he did not have clients who came to him for investment advice. He argues that he merely sold shares of stock in his hedge fund, Den Haag Capital, LLC, to investors. We find Ogale's argument to be unpersuasive. According to his presentence investigation report, Ogale told investors that their investment would be used to trade foreign currency futures and options based on an algorithm that he had developed. The exercise of control over what purchases and sales are made with investors' funds is considered to be investment advice for purposes of the Investment Adviser's Act and hence the investment adviser enhancement. See United States v. Elliot, 62 F.3d 1304, 1310 (11th Cir. 1996) (concluding that defendants provided investment advice by controlling which investment vehicles their customers invested in); Abrahamson v. Fleschner, 568 F.2d 862, 871 (2d Cir. 1977) (stating that "many investment advisers 'advise' their customers by exercising control over what purchases and sales are made with their clients' funds"). Although Ogale never actually used investors' money to trade foreign currencies, his scheme involved "advising others." Because he regularly advised

3

others about trading in foreign currency, he was "in the business" of providing investment advice. See Elliot, 62 F.3d at 1310 ("A person [is] 'in the business' of providing advice if the person . . . on anything other than rare, isolated and nonperiodic instances, provides specific investment advice") (quoting SEC Release notes for 15 U.S.C. § 80b-2(a)(11)).

Ogale also contends that he was not compensated for providing investment advice. He argues that the only money he received was investors' misappropriated funds. He asserts that ill-gotten gains are not compensation. We disagree. The receipt of any economic benefit qualifies as compensation under the Investment Adviser's Act and thus the investment adviser enhancement. See id. at 1311 ("Th[e] compensation element is satisfied by the receipt of any economic benefit, whether in the form of an advisory fee or some other fee relating to the total services rendered, commissions, or some combination of the foregoing.") (quoting SEC Release notes for 15 U.S.C. § 80b-2(a)(11)); see also id. (concluding that defendant received compensation for providing investment advice where defendant commingled investors funds with personal funds). Ogale compensated himself by using investors' money to pay his personal expenses.

Because Ogale qualified as an investment adviser, the district court did not err by applying the four-level investment adviser enhancement. Accordingly, we

4

affirm his sentence.

**AFFIRMED.**