[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

No. 09-14259
Non-Argument Calendar

_____

D. C. Docket No. 09-00038-CR-KD-B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GORDON PETTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 17, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Gordon Pettis appeals his conviction for using a facility of interstate

commerce to attempt to entice or persuade a minor to engage in a sexual activity as

defined by state law, in violation of 18 U.S.C. § 2422(b).  Because we conclude

that the government proved the interstate nexus of the offense, we affirm.

The evidence at trial established that social services notified the Mobile

Police Department that Pettis had approached a twelve-year-old girl identified as

"A."  Detective Shannon Payne interviewed A and her mother and decided to

record a call to Pettis in which Payne would pretend to be the minor.  Because A

stated that she and Pettis communicated through written messages, Payne sent

Pettis a text message instead.[1]  Payne did this using her own cell phone because A

did not have a cell phone.  Over the next few hours, Payne and Pettis exchanged

numerous text messages and ultimately made arrangements to meet for sex.  At the

meeting place, Payne spotted Pettis, sent him a message, watched Pettis pick up his

cell phone, and arrested him.  Pettis admitted that he knew A and had sent and

received the texts that day.  Pettis's cell phone was introduced at trial, and a

cellular forensic expert testified that the phone communications traveled between

New York, New Jersey, and Alabama.  Pettis was convicted and ultimately

sentenced to 120 months' imprisonment.

Pettis now appeals, arguing that the government manufactured jurisdiction

by using Payne's cell phone to send the texts to him, thus unilaterally supplying the

---

[1]  According to the record, Pettis would write a message on his phone and show it to A.
There was no evidence that Pettis previously sent any text messages to A.

2

element of interstate commerce.

Pettis did not raise the jurisdictional nexus argument before the district court; therefore, we review the issue for plain error.[2] *United States v. Spoerke*, 568 F.3d 1236, 1244-45 (11th Cir. 2009). Plain error occurs where: "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id.*

Section 2422 provides,

> Whoever, using . . . any facility or means of interstate . . . commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). Under the plain language of the statute, the government must prove that *the defendant used* a facility of interstate commerce–here a cell phone– to entice the minor to engage in unlawful sex. *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004) (emphasis added).

By focusing on Payne's use of a cell phone, Pettis misunderstands the

---

[2]   The interstate nexus requirement in § 2422 is an element of the offense and is not jurisdictional. *See, e.g.*, *United States v. Covington*, 565 F.3d 1336, 1343-44 (11th Cir. 2009); *United States v. Drury*, 396 F.3d 1303, 1313-14 (11th Cir. 2005). Because it is not jurisdictional, Pettis's failure to raise the issue before the district court makes plain error review appropriate.

jurisdictional nexus.  The relevant inquiry is whether *Pettis* used a cell phone to commit the offense, and the fact that Payne posed as the victim and used her own cell phone to communicate with Pettis was not improper.  *See, e.g. United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004) ("Congress may reach and prohibit the use of a telephone or the internet to set up the sexual abuse of children through intermediaries . . . . The communication does not have to be directly with the victim."); *see also United States v. Faris*, 583 F.3d 756, 759 (11th Cir. 2009) (citing *Hornaday*).

Additionally, a telephone is a facility of interstate commerce, and answering the phone is "use" as that term is ordinarily defined.  *Covington*, 565 F.3d at 1343. Here, Pettis "used" his cell phone, as that term is ordinarily understood, when he sent and received text messages arranging to meet A for sexual activity.  Thus, we conclude that there was no error and Pettis's claim that the government manufactured jurisdiction by using a detective's cell phone to initiate the texts fails.  Pettis's use of his own phone to send and receive the texts was sufficient to establish the jurisdictional nexus.

We further reject Pettis's reliance on *United States v. Archer*, 486 F.2d 670 (2d Cir. 1973).[3]  Since *Archer* was decided, the courts have repeatedly limited its

---

[3]  *Archer* involved a sting designed to catch corrupt judges and prosecutors in which the agents used informants to place interstate phone calls to the targets and give out-of-state numbers

applicability and have indicated that manufacturing jurisdiction "is a dubious concept." *United States v. Wallace*, 85 F.3d 1063, 1065 (2d Cir. 1996). Only the Fourth Circuit has followed *Archer*. *United States v. Coates*, 949 F.2d 104, 105 (4th Cir. 1991) (concluding that the government manufactured jurisdiction the nexus was founded solely on one interstate phone call placed by a federal agent and thus there was no affirmative link between the federal element and the defendant's actions.). In contrast, other circuits, including this one, have rejected *Archer*. *United States v. Petit*, 841 F.2d 1546, 1553-4 (11th Cir. 1988). *See also United States v. Clark*, 62 F.3d 110, 112 (5th Cir. 1995); *United States v. Podolsky*, 798 F.2d 177, 180-81 (7th Cir. 1986). Even if we were to consider the *Archer* argument, jurisdiction in this case was not based on a single phone call initiated by the police, *cf. Coates*, 949 F.2d at 105; rather, Pettis exchanged numerous text messages over several hours with a person he thought was the victim.

Because there was no error, plain or otherwise, Pettis's conviction is

**AFFIRMED.**

---

at which the informant could be reached. 486 F.2d at 672-74. The Second Circuit concluded that these calls were insufficient to establish jurisdiction because the "federal officers themselves supplied the interstate element." *Id.* at 682.

5