[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

_____

No.10-10190
Non-Argument Calendar

_____

D. C. Docket No. 1:09-cr-20513-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL CORTES,
a.k.a. Jose Cortez-Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

A jury found Jose Angel Cortes guilty of aggravated identity theft, in

violation of 18 U.S.C. § 1028A(a)(1).  After the verdict was rendered, Cortes renewed his motion for a judgment of acquittal, which the district court denied. Cortes appeals the denial of his motion, asserting that the evidence was insufficient to prove that Cortes knew the false identification documents he used belonged to another person, a necessary element of the crime.  We affirm.

We review *de novo* a district court's denial of a judgment of acquittal on sufficiency of the evidence grounds, viewing the evidence in the light most favorable to the Government.  *See United States v. Frank*, 599 F.3d 1221, 1233. We will uphold a conviction unless the jury could not have found the defendant guilty under any reasonable construction of the evidence.  *United States v. Emmanuel*, 565 F.3d 1324, 1333 (11th Cir.), *cert. denied*, 130 S.Ct. 1032 (2009). The evidence need not exclude "every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt."  *Id.* at 1334 (quotation omitted).

In order to convict a defendant of aggravated identity theft, the Government must prove that the defendant "during and in relation to any felony violation [of 18 U.S.C. § 911 (relating to false personation of citizenship)] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person."  18 U.S.C. § 1028A(a)(1), (c)(2).  The Supreme Court has held that, to be

2

guilty of violating 18 U.S.C. § 1028A(a)(1), a defendant must have known "that the means of identification at issue belonged to another person." *Flores-Figueroa v. United States*, 129 S.Ct. 1886, 1894 (2009). Since *Flores-Figueroa* was decided, this Court has elaborated on the means by which the Government may prove the requisite knowledge. *See United States v. Holmes*, 595 F.3d 1255 (2010). In *United States v. Holmes*, we sustained a defendant's conviction of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). *Holmes*, 595 F.3d at 1258. We held that evidence demonstrating the defendant had repeatedly subjected her false identity documents to governmental scrutiny and successfully used the identity documents to obtain a driver's license, identification card, line of credit, and passport was sufficient for a reasonable jury to find the defendant knew the documents belonged to a real person. *Id.* Similarly, evidence submitted to the jury in this case demonstrated that Cortes repeatedly submitted his false identity documents to governmental scrutiny to obtain a Texas identification card, a Texas driver's license, and a United States passport.

Cortes acknowledges that *Holmes* is both apposite and controlling in this case, but submits that *Holmes* was wrongly decided. We are, however, bound by the decision in *Holmes*. *See United States v. Faris*, 583 F.3d 756, 761 (11th Cir. 2009) (holding that only the Supreme Court or this Court sitting en banc can

3

overrule a prior panel decision). As *Holmes* makes clear that the evidence in this case was sufficient to allow a reasonable jury to find that Cortes knew the identity information he used belonged to a real person, as required for a conviction under § 1028A(a)(1). The district court, therefore, did not err in denying Cortes's motion for a judgment of acquittal.

**AFFIRMED.**