[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15701
Non-Argument Calendar
_____

D. C. Docket No. 08-20190-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Johnson appeals his convictions and 360-month sentence for drug and firearm offenses, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

Johnson argues that the district court erred in admitting his prior drug convictions because the convictions were not appropriate Fed.R.Evid. 404(b) evidence, and the probative value of the convictions was outweighed by prejudice. We review the district court's Rule 404(b) rulings for an abuse of discretion. United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008).

Under Rule 404(b), evidence of other crimes is not admissible to show proof of bad character. But it may be admissible to prove motive, knowledge, or intent. See Fed.R.Evid. 404(b). To be admissible under Rule 404(b), the evidence must, among other things, "be relevant to an issue other than defendant's character"; and the risk of undue prejudice from the evidence must not outweigh substantially its probative value. Ellisor, 522 F.3d at 1267; see also Fed.R.Evid. 403.

Contrary to Johnson's assertion, his prior drug convictions were probative of his intent in the instant offenses. We have concluded that evidence of a defendant's prior drug dealings -- including a prior conviction for possession with intent to distribute -- were highly probative of intent in instant similar offenses and,

2

thus, admissible. See United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993) (noting that "[t]he intent elements of the [defendant's] two offenses were identical: possession with intent to distribute"). The convictions also were probative of Johnson's knowledge of the drug trade, which showed his motive to possess a gun. The risk of unfair prejudice was mitigated by the district court's limiting instruction that the evidence could not be used to determine Johnson's guilt in the instant offenses. See id. at 1225. On this record, we see no abuse.

Johnson also argues that insufficient evidence existed for a jury to convict him. We review de novo a preserved sufficiency-of-the-evidence challenge, "viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (internal quotation omitted).

The government had to prove that Johnson knowingly possessed the gun and the drugs. See United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000) (listing the elements of a section 922(g)(1) offense); United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989) (listing the elements of a section 841(a)(1) offense).[1] Knowing possession can be shown by either actual or constructive

---

[1]The other elements -- that Johnson had the qualifying felony conviction, that the gun affected interstate commerce, and that the drug amount constituted enough for distribution -- are

3

possession, as long as there is a reasonable inference that the accused maintained "dominion and control" over the weapon or drugs or over the premises on which the weapon or drugs are concealed. See United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991); Poole, 878 F.2d at 1392.

Here, Detective John Saavedra testified that he observed Johnson conduct three separate transactions outside an apartment where Johnson would take money from a person, go into the apartment, and return to give the person an object. On the last transaction, Saavedra saw Johnson hand the person a pink plastic bag. Johnson later ran into the apartment when he saw police approaching him. Officers recovered bags of drugs inside the apartment consistent with what Saavedra had observed. And Saavedra also testified that he discovered a gun in the waistband of Johnson's pants during a search incident to arrest. This information was corroborated by another officer involved in the arrest, who testified that he heard Saavedra yell "gun" while searching Johnson. Testimony revealed that, although the apartment was Johnson's sister's, Johnson was living there when he was arrested.

On this record and drawing all inferences in the government's favor, we conclude that sufficient evidence existed for a reasonable jury to find that Johnson

_____

not in dispute.

4

possessed the gun and the drugs. Johnson's appellate arguments focus on the credibility of government witnesses. But credibility determinations are "within the exclusive province of the jury." United States v. Billue, 994 F.2d 1562, 1565 (11th Cir. 1993). None of the testimony Johnson challenges as incredible was unbelievable on its face. United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985).

Johnson challenges the district court's refusal to grant him a mistrial based on the government's alleged improper statements during closing argument.[2] A new trial is required for prosecutorial misconduct if (1) the prosecutor's remarks during closing argument were improper, and (2) they prejudiced the defendant's substantial rights. United States v. Hall, 47 F.3d 1091, 1098 (11th Cir. 1995) .

To the extent that Johnson challenges government statements as improper burden-shifting arguments, the district court instructed the jury repeatedly about the proper burden. See United States v. Simon, 964 F.2d 1082, 1087 (11th Cir. 1992) (taint from improper burden-shifting arguments may be cured by curative instructions from the court on the proper burden of proof, and the "jury is presumed to follow jury instructions"). We also see no merit in Johnson's bolstering argument. Johnson put the credibility of government witnesses in issue

---

[2]We review a district court's refusal to grant a mistrial for an abuse of discretion. See United States v. Knowles, 66 F.3d 1146, 1163 (11th Cir. 1995).

when he, during his closing argument, argued that they had lied. The government was allowed to argue credibility and did not unlawfully "place the prestige of the government behind a witness by making explicit personal assurances of the witness's veracity or by indicating that information not presented to the jury support[ed] the testimony." United States v. Hernandez, 921 F.2d 1569, 1573 (11th Cir. 1991). And we cannot say, based on the strength and sufficiency of the evidence against Johnson, that the outcome of his case would have been different absent the supposedly improper remarks by the government. See Hall, 47 F.3d at 1098 ("[a] defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome would be different").

Johnson argues that his sentence -- the low end of the applicable guidelines range -- is unreasonable. We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008), cert. denied (Jun. 22, 2009) (No. 08-10528). A sentence may be procedurally unreasonable if the district court fails to explain adequately the chosen sentence. Id. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the reasonableness of the sentence bears

the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[3]

We conclude that Johnson's guidelines sentence was reasonable. See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). First, no procedural error occurred. The district court considered the parties' arguments (including Johnson's arguments offered in mitigation), the statutory factors, and the presentence investigation report. After noting Johnson's extensive criminal history for drug crimes and his many lenient sentences in state court, the district court concluded that Johnson needed a sentence longer than the 15-year mandatory minimum he requested to deter sufficiently and to punish him and to protect the public from more crimes by him. The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and

---

[3]Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

was aware of the special conditions of the defendant).

Based on Johnson's extensive criminal history and his continued criminality in the light of his lenient state court sentences, we also conclude that Johnson's sentence substantively is reasonable. We cannot say that the 360-month sentence failed to reflect the purposes of sentencing.

AFFIRMED.