[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2010
JOHN LEY
CLERK

_____

No. 09-11329
Non-Argument Calendar

_____

D. C. Docket No. 08-00347-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY NOWAK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 15, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Randy Nowak appeals his convictions for attempting to kill Christine

Brandt, an employee of the United States Internal Revenue Service ("IRS"), on account of the performance of her duties, in violation of 18 U.S.C. § 1114, and using interstate commerce facilities in the intended commission of murder-for-hire, in violation of 18 U.S.C. § 1958. At trial, the Government called Walter McGhee, who testified that Nowak wanted to have Brandt killed by some Outlaw bikers whom McGhee knew because Nowak was being audited. McGhee contacted law enforcement who arranged for Nowak to meet an undercover officer posing as an Outlaw biker named "the Reaper," who would kill Brandt for Nowak. The jury found Nowak guilty as charged, and the court sentenced him to consecutive prison sentences of 240 months and 120 months, respectively. Nowak now appeals, raising four issues. We consider them in sequence.

I.     *Whether the district court abused its discretion in denying Nowak's motion in limine to exclude evidence of Nowak's possession of a firearm, statements regarding time he spent in state prison, and his desire to destroy the IRS building where Brandt worked*

Nowak first contends that McGhee's testimony that Nowak gave him a gun on his way to meet the Reaper to make the final payment for the murder was not relevant to the crime of murder-for-hire because there was no evidence that Nowak intended to commit the crime himself. Moreover, he maintains that possession of the firearm was not part of the offense because he gave the gun to McGhee because he did not want to take it to his meeting with the Reaper. Nowak argues that Rule

2

403 of the Federal Rules of Evidence barred evidence of his possession of the firearm because it was not probative of any issue in the case and the evidence portrayed him as a dangerous man. He also submits that the evidence should have been excluded under Rule 404 due to the risk that the jury might convict him for being a felon in possession of a firearm. Nowak asserts that the district court's denial of his motion *in limine* was "nonsensical."

Second, Nowak contends that the court erred in allowing the Government to introduce his recorded remark to the Reaper that he had served time twice in state prison because the probative value of the evidence was not substantially outweighed by the danger of undue prejudice under Rule 403. He maintains that while evidence of his prior prison time was of "incremental" probative value, it carried a "tremendous danger of unfair prejudice" because a "jury is more likely to convict [a] person because the jury considers the defendant a bad or dangerous person."

Third, Nowak contends that evidence that he asked the Reaper to also destroy the IRS building where Brandt worked was inadmissible as intrinsic evidence in light of *United States v. Jiminez*, 224 F.3d 1243 (11th Cir. 2000), and *United States v. McLean*, 138 F.3d 1398 (11th Cir. 1998), because his statements about the IRS building did not arise out of the same transaction as either of the

3

charged offenses. Lastly, he maintains that the cumulative effect of these adverse evidentiary rulings led to an unfair trial.

We review a district court's ruling on a motion *in limine* for an abuse of discretion. *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. District courts have broad discretion to admit probative evidence, but their discretion to exclude evidence under Rule 403 is limited. *United States v. Terzado-Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990). "[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Mills*, 704 F.2d 1553, 1560 (11th Cir. 1983).

Under Fed. R. Evid. 404(b),

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be *admissible for other purposes*, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Fed. R. Evid. 404(b) (emphasis added). However, evidence is intrinsic to the charged offense, and thus does not fall within Rule 404(b)'s ambit, if it (1) "arose

4

out of the same transaction or series of transactions as the charged offense"; (2) is "necessary to complete the story of the crime"; or (3) is "inextricably intertwined with the evidence regarding the charged offense." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (quotation omitted).

Regardless of whether such evidence falls inside or outside the scope of Rule 404(b), the evidence must still comport with Rule 403's requirements that its probative value outweighs the danger of unfair prejudice. *Id.* We have described unfair prejudice as evidence that was "of a heinous nature, likely to incite the jury to an irrational decision . . . or . . . cumulative or confusing to the jury." *See United States v. Astling*, 733 F.2d 1446, 1457 (11th Cir. 1984) (quotation and citations omitted). Moreover, the evidence must be relevant to an issue other than the defendant's character, and there must be sufficient proof that a jury could reasonably find that the defendant committed the act. *See id.* "To establish relevance . . . where testimony is offered as proof of intent, it must be determined that the extrinsic offense requires the same intent as the charged offense." *United States v. Dickerson*, 248 F.3d 1033, 1047 (11th Cir. 2001) (quotations omitted). The "same intent" requirement will be satisfied if the prior act and the charged crime "involve the same mental state." *Id.* (holding that extrinsic evidence of cocaine purchases was sufficient to prove intent in conspiracy to distribute

cocaine).

Even though the district court admits evidence "under Rule 404(b), we may still determine if it was admissible on other grounds." *United States v. Cardenas*, 895 F.2d 1338, 1345 (11th Cir. 1990). Moreover, "we have held that the cumulative effect of multiple errors may so prejudice a defendant's right to a fair trial that a new trial is required, even if the errors considered individually are non-reversible." *United States v. Khanani*, 502 F.3d 1281, 1295 (11th Cir. 2007). However, if the defendant cannot show that the district court erred in admitting the challenged evidence, he cannot establish cumulative error. *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1342 (11th Cir. 2009).

In this case, the district court did not abuse its discretion in denying Nowak's motion *in limine* because all of the challenged evidence fell within the enumerated exceptions of Rule 404(b).

II.      *Whether the district court erred in granting the Government's motion in limine to exclude evidence that McGhee had been arrested on state tax charges*

Nowak contends that the district court erred in restricting his counsel's cross-examination of McGhee in violation of his rights under the Confrontation Clause and *United States v. Hurn*, 368 F.3d 1359, 1363 (11th Cir. 2004) (addressing compulsory process and due process guarantees). Nowak submits that

his defense was based on McGhee's initiation of contact with the Outlaws, the Outlaws' decision to kill Brandt, and Nowak's decision to go along with the plan because he feared crossing the Outlaws. Nowak argues that because he was not permitted to question McGhee about his recent arrest on state tax charges, the jury was unable to hear critical impeachment evidence about McGhee's motive for testifying against him, namely his attempt to curry favor with "the authorities prosecuting him." Moreover, Nowak argues that Rules 608 and 609 of the Federal Rules of Evidence were irrelevant to his argument, and alternatively, even if those rules were applicable, the court should not have used them to deny his constitutional right of confrontation. He also asserts that the court compounded the evidentiary errors discussed under Issue I when it admitted his statements about his prior convictions while precluding him from cross-examining McGhee about his motive to testify against him.

"The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) (quotation and citation omitted). A party who invites an error may not later challenge that error on appeal. *See id.* "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *Id.*

In this case, on both occasions when the Government moved to exclude

7

evidence of McGhee's arrest, Nowak's counsel conceded that evidence of the arrest was not proper and that she was not going to question him about it. Accordingly, because Nowak invited any error resulting from the district court's exclusion of evidence about McGhee's arrest, we will not entertain the argument.

III.   *Whether the district court erred in denying Nowak's motion for a mistrial based on prosecutorial misconduct*

Nowak submits that the prosecutor made improper comments during her closing argument that seriously damaged his credibility. He cites the prosecutor's repeated references to his "fabricated" story, "fantasy," "fallacy," and his comfort with "lying" to the jury. He asserts that the prosecutor's statements that he lied to the jury and that his counsel was afraid to put some of the transcripts of recorded conversations before the jury prevented him from receiving a fair trial. Nowak also argues that the prosecutor impermissibly attempted to shift the burden of proof to him during cross-examination by twice asking him whether he had any corroborating evidence to back up his story. He contends, moreover, that the prosecutor's questions were not invited responses to his testimony under *United States v. Schardar*, 850 F.2d 1457 (11th Cir. 1988) and *United States v. Castro*, 89 F.3d 1443 (11th Cir. 1996). Finally, he argues that this court should vacate his convictions and remand the case for a new trial under the cumulative error

doctrine.

"Allegations of prosecutorial misconduct present mixed questions of law and fact that we review *de novo*." *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2790 (2009). Denial of a motion for a mistrial is reviewed for abuse of discretion. *Id.* Objections or arguments that are not raised before the district court are reviewed for plain error. *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007). To establish plain error, a defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotation omitted). If all three conditions are met, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation and alterations omitted).

"In reviewing a claim of prosecutorial misconduct, we assess (1) whether the challenged statements were improper and (2), if so, whether they prejudicially affected the appellants' substantial rights." *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir.) (quotations omitted), *cert. denied*, 130 S.Ct. 421 (2009). In *Demarest*, we held that a prosecutor's questions during cross-examination asking whether the defendant had evidence to support his story did not impermissibly shift the burden of proof from the government to the defense because the "prosecutor

9

was entitled to cross-examine Demarest after he decided to testify, and a cross-examination necessarily entails testing the plausibility of a defendant's account." *Id.* The cases Nowak cites, *Schardar*, 850 F.2d 1457, and *Castro*, 89 F.3d 1443, do not relate to the scope of cross-examination. *See Schardar*, 850 F.2d at 1463 (holding that the prosecutor's comment during closing argument that while the government bore the burden of proof, both the government and the defense had subpoena powers was not improper); and *Castro*, 89 F.3d at 1457 (holding that the prosecutor did not impermissibly vouch for the credibility of a witness on direct examination).

With respect to prosecutorial statements made during closing argument, "an attorney's statements that indicate his opinion or knowledge of the case as theretofore presented before the court and jury are permissible if the attorney makes it clear that the conclusions he is urging are conclusions to be drawn from the evidence." *United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984) (quotation omitted). "Application of this standard requires consideration of all circumstances at trial, including the strength of the evidence against [the defendant]." *Id.* at 662. In *Johns*, we explained that the prosecutor's closing argument fell within this prescript because:

> The low credibility the prosecutor suggested the jury accord the

> defense experts' testimony and the alibi testimony arose from the evidence. The prosecutor did not place the credibility of his office behind his own witnesses. At most he merely attempted to rebut aspersions the defense had cast on those witnesses; he pointed out features of their own testimony that supported their credibility. He did not express personal opinions about the witnesses. Rather, he urged the jury to draw inferences and conclusions from the evidence produced at trial.

*Id.* at 663.

The district court did not commit plain error by not declaring a mistrial based on the prosecutor's statements during closing argument because it was not improper for her to challenge Nowak's truthfulness during summation—given that the record supported a finding that he was lying to the jury. Further, the prosecutor was entitled to test the plausibility of Nowak's account on cross-examination by asking whether he had any corroborative evidence. Nowak's cumulative error argument is thus without merit.

*IV.* *Whether the district court plainly erred by not dismissing count two based on the ground that 18 U.S.C. § 1958 exceeds Congressional authority under the Commerce Clause*

Nowak contends that Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 1958, and that the statute was applied unconstitutionally to him. In a footnote, he concedes that we have rejected similar arguments in several opinions and cites *United States v. Evans*, 476 F.3d 1176

11

(11th Cir. 2007). and *United States v. Covington*, 565 F.3d 1336 (11th Cir.), *cert. denied*, 130 S.Ct. 564 (2009).  Nevertheless, he maintains that "[e]volving federalism jurisprudence of the Supreme Court supports the requirement of actual and meaningful interstate use of a facility for the proper application of Commerce Clause power."   He states that none of the phone calls between himself, McGhee, and the Reaper crossed state lines, and therefore, the statute is invalid under the Commerce Clause both facially and as applied to him.

"Constitutional objections not raised before the district court are reviewed only for plain error."  *United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005).  Under 18 U.S.C. § 1958,

> Whoever . . . uses . . . *any facility of interstate or foreign commerce*, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value . . . shall be imprisoned.

18 U.S.C. § 1958(a) (emphasis added).  A "facility of interstate commerce includes means of transportation and communication."  18 U.S.C. § 1958(b).  We have held that "[t]he telephone system is clearly a 'facility of interstate . . . commerce' [under 18 U.S.C. § 1958(b)]," *Covington*, 565 F.3d at 1343, and the phone is an instrumentality of interstate commerce even when used solely intrastate, *United States v. Faris*, 583 F.3d 756, 759 (11th Cir. 2009).

12

Nowak's argument that Congress exceeded its authority in enacting 18 U.S.C. § 1958 is without merit. The district court did not commit plain error in not dismissing the § 1958 charge of the indictment.

AFFIRMED.