[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11994
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00015-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORTEZ TERRAIL HODGES,
a.k.a. Gator,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 29, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Cortez Hodges appeals his convictions[1] imposed after a two-day jury trial for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three). Hodges asserts several issues on appeal, and we address each one in turn. After review, we affirm Hodges' convictions.

## I.  DISCUSSION

### A.  *Motion to Suppress*

Hodges asserts the district court erred in denying his motion to suppress. He asserts evidence obtained pursuant to two search warrants should have been suppressed because the affidavits presented in support of the warrants contained intentional or reckless misrepresentations and omissions. According to Hodges, the affidavits omitted facts relevant to the confidential informant's (CI's) veracity and made conclusory claims about the contents of two audio recordings of the CI's controlled purchases of marijuana at Hodges' house, which did not offer reliable support to verify the CI's accounts of the two controlled purchases.

The district court did not err in denying Hodges' motion to suppress. *See United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007) (stating we review

---

[1] Hodges does not appeal his sentence of 123 months' imprisonment.

2

a district court's denial of a motion to suppress as a mixed question of law and fact, reviewing rulings of law *de novo* and findings of fact for clear error). Even assuming the affiant intentionally or recklessly omitted information about the CI and misrepresented the content of the audio tapes, the affidavits established probable cause absent the alleged errors. The circumstances of the two controlled purchases of marijuana provided sufficient independent corroboration of the CI's account such that there was no need to establish his veracity. As the affidavits stated, officers searched the CI and his car both before and after the purchases and only discovered marijuana after the CI left Hodges' house, which supports the CI's statement he purchased the marijuana while inside the house. Further, references on the audio recordings to a "dime sack" and "something to smoke" also corroborate the CI's reports that he purchased marijuana while inside the house.

*B. Prior Conviction Issues*

Hodges contends the district court abused its discretion by admitting evidence of his prior convictions under Rule 404(b) as his defense strategy did not put intent or lack of accident at issue, and the Government used his prior convictions to show propensity. He next asserts the district court abused its discretion in refusing to bifurcate his trial because introducing evidence of his past crimes to support a conviction for possession of firearms by a convicted felon created a high risk of unfair prejudice. Finally, Hodges asserts the district court

3

abused its discretion by excluding evidence of third parties' prior convictions because those convictions were relevant to Hodges' defense theory that someone else was responsible for the drugs and guns police found in and outside the house.

1. *404(b)*

The district court did not abuse its discretion by admitting evidence of Hodges' prior conviction for possession of marijuana with intent to distribute. *See United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000) (stating we review evidentiary decisions for abuse of discretion). By pleading not guilty to the instant charge of possession of marijuana with intent to distribute and failing to stipulate as to intent, Hodges made intent an issue in the case even though his defense was focused on whether he possessed the marijuana found outside the house. *See United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 2682 (2014) (stating a defendant who enters a not guilty plea and does not take affirmative steps to remove intent as an issue makes intent a material issue the government must prove). Hodges' prior conviction for possession of marijuana with intent to distribute was relevant to the issue of intent because both the extrinsic offense and the charged offense involved the same mental state—intent to distribute marijuana—which the Government was required to prove beyond a reasonable doubt. *See id.* (explaining when the state of mind required for the charged and extrinsic offenses is identical, the evidence is relevant to an

4

enumerated issue rather than solely to the defendant's character). Because the extrinsic and charged offenses were identical in nature and separated by less than two years, the similarity between the offenses weighs in favor of admissibility. *See United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987) (stating when the extrinsic offenses were similar in time and nature to the crimes charged, those factors weigh in favor of admissibility).

The district court also did not abuse its discretion by admitting evidence of Hodges' prior conviction for possession of a firearm during the commission of a felony. To sustain a conviction for possession of firearms in furtherance of a drug trafficking crime, the Government had to prove that Hodges knowingly possessed firearms. *See United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). By focusing his defense of this charge on whether he had any connection to the guns found in the backpack, Hodges put both his knowledge of the guns and whether he actually or constructively possessed the guns at issue. Although his prior conviction did not require the same mental state required in this case, the fact Hodges previously possessed a gun in connection with a felony makes it more likely he knew about the guns found on property he was renting and in close proximity to marijuana distribution implements. The prior conviction also makes it more likely Hodges intended to exercise control over those guns. Finally, the extrinsic offense was similar in both time and nature to the charged offense.

5

*2. Bifurcation*

The district court did not abuse its discretion in refusing to bifurcate Hodges' trial. *See United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (stating we review denials of motions to sever for abuse of discretion). First, trying the offenses together did not create compelling prejudice. As discussed above, evidence of his prior convictions would have been admissible in both stages of the trial had it been bifurcated. *See United States v. Gabay*, 923 F.2d 1536, 1540 (11th Cir. 1991) (stating when evidence admissible to prove each charge is also admissible to prove the other charge, joining the offenses does not create compelling prejudice). Second, the district court gave limiting instructions that cured any potential prejudice created by trying the charges together. *See Walser*, 3 F.3d at 386-87 (explaining severance is not required when a limiting instruction may cure any potential prejudice).

*3. Prior Convictions of Others*

Finally, the district court did not abuse its discretion in refusing to admit evidence of the prior convictions of Deundre Carter and Ronnie Moore, two persons who also had access to the house Hodges rented but who were neither defendants nor witnesses at Hodges' trial. While Moore's and Carter's prior convictions were arguably relevant, Hodges presented ample evidence to ply his theory the drugs and guns belonged to someone else (such as evidence other people

6

stayed at the house and marijuana was found there well after Hodges was arrested). Admitting the prior convictions might have created a risk of confusing the issues because doing so would inject into the trial the issue of the potential guilt of third parties not standing trial when the only relevant issue was whether Hodges was guilty, regardless of whether others may have been complicit. Therefore, the district court did not abuse its discretion in excluding the evidence.

*C. Admission of Videos and Photographs*

Hodges contends the district court abused its discretion by admitting videos found on a computer as well as photographs produced from them because the evidence was neither authenticated nor relevant.

The district court did not abuse its discretion in admitting the videos and photographs produced from the videos. First, the Government properly authenticated the videos and photographs. *See* Fed. R. Evid. 901(a) (explaining before being admitted, evidentiary items must be properly authenticated by evidence sufficient to support a finding that the item is what the proponent claims it is). The Government presented evidence sufficient to establish that the videos and photographs were what the Government claimed they were: videos retrieved from the seized computer or external hard drive founds in Hodges' house and photographs produced from the videos. Two witnesses with knowledge testified as to the contents and the circumstances of discovery of the videos and photographs.

The contents of the videos and photographs also support a finding they were taken from a computer or external hard drive found in Hodges' house. Second, the evidence was admissible under Federal Rule of Evidence 404(b). The video showing Hodges sitting beside what appears to be marijuana and a digital scale and the video showing marijuana displayed alongside cash, a digital scale, and guns were relevant to Hodges' intent to distribute the marijuana found in the house. The remaining video was relevant to Hodges' intent to exercise control over the guns found outside. The photographs produced from the videos were relevant for the same reasons.

*D. Closing Argument*

Hodges contends that during closing arguments, the Government made an improper propensity argument and suggested Hodges needed further punishment for his prior convictions.

By leading its closing argument with a reference to Hodges' prior crimes and "jail sentence [that] was on paper," the Government arguably made an improper remark during the trial. *See United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) (describing improper remarks as including suggestions, insinuations, and assertions calculated to mislead the jury or appeal to the jury's passion or prejudice). However, the error did not affect Hodges' substantial rights. *See United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006) (stating to

establish prosecutorial misconduct, the defendant must show the improper remarks prejudicially affected the defendant's substantial rights).  The Government's improper remark was a brief, isolated comment and the district court *sua sponte* instructed the Government to proceed to the evidence in the case.  The evidence of Hodges' guilt was strong, and does not suggest there is a reasonable probability that, but for the Government's remark, the outcome of the trial would have been different.

## E.  Sufficiency of the Evidence

Hodges contends the district court erred in denying his renewed motion for judgment of acquittal because the evidence was insufficient to convict him with respect to each count.  We review the evidence presented on each Count *de novo*.  *See United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007) (reviewing *de novo* a district court's denial of a motion for judgment of acquittal on sufficiency of the evidence grounds).

### 1.  Count One

First, Hodges asserts he should have been acquitted of Count One because the Government failed to prove the substance at issue was Cannabis sativa L., as opposed to another species of marijuana.  Marijuana is statutorily defined as "all parts of the plant Cannabis sativa L." 21 U.S.C. § 802(16).  We have rejected the

9

argument the government must prove the marijuana was Cannabis sativa L. *United States v. Henley*, 502 F.2d 585 (5th Cir. 1974).[2]

Second, Hodges contends the Government failed to link him to the marijuana found in a backpack outside his house and therefore did not prove Hodges possessed the marijuana or had intent to distribute it.  In order to convict a defendant of possession of marijuana with intent to distribute, the government must prove knowledge, actual or constructive possession, and intent to distribute. *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989).  As discussed more fully below, the items found in the bedroom, such as the .38 caliber bullets and .22 caliber ammunition, were sufficient to link Hodges to the backpack, which contained a substantial quantity of marijuana and a set of digital scales. Additionally, a reasonable jury could have inferred intent to distribute from the items found in the bedroom and in Hodges' car, which included marijuana; a grinder; a digital scale; vacuum sealed bags, mason jars, and Ziploc bags containing suspected marijuana residue; and small plastic bags commonly used to distribute marijuana.  *See id.*  (stating intent to distribute can be proven circumstantially by the quantity of drugs or by the existence of implements

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

commonly used to distribute drugs).  In sum, the district court did not err in denying Hodges' renewed motion for judgment of acquittal as to Count One.

2. *Count Two*

Hodges argues he should have been acquitted of Count Two because the Government did not prove a nexus between Hodges and the guns found in the backpack.  To convict a defendant for possession of firearms by a convicted felon, the government must prove (1) the defendant was a convicted felon (2) who knowingly actually or constructively possessed a firearm (3) that was in or affected interstate commerce. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

Because he was renting and living on the premises, Hodges had the power and intent to exercise control over the premises on which the guns were located. *See id.* (explaining to establish constructive possession, the government must show that the defendant exercised ownership, dominion, or control over the firearm, or that the defendant had the power and intent to exercise dominion or control over it).  Officers also found .38 caliber bullets and an ammunition box for .22 caliber bullets inside the same room in which they found Hodges' wallet and a dollar bill marked with Hodges' alias, "Gator."  In Hodges' backyard, police found two .38 caliber revolvers and one .22 caliber handgun.  Because the bullets and ammunition box found in the bedroom matched the calibers of three of the four

11

guns found in Hodges' backyard, a reasonable jury could infer Hodges had the power and intent to exercise control over those guns and therefore constructively possessed the guns.  Additionally, in one of the videos admitted during trial, Hodges waved around an apparently loaded revolver similar to one of the revolvers found outside, further suggesting he had the power and intent to exercise control over at least one of the guns found outside.  The district court did not err in denying Hodges' renewed motion for judgment of acquittal as to Count Two.

### 3.  Count Three

Finally, Hodges contends he should have been acquitted of Count Three because the Government did not present any evidence suggesting the guns furthered a drug trafficking crime.  To support a conviction for possession of a firearm in furtherance of a drug trafficking crime, the government must show the firearm helped, furthered, promoted, or advanced the drug trafficking.  *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002).  The government must establish a nexus between the firearm and the drug trafficking.  *Id.* at 1253.

The Government's evidence supported a finding there was an ongoing marijuana distribution operation at Hodges' house and that Hodges had constructive possession of the guns.  The guns were found in the same backpack as several mason jars full of marijuana and a large digital scale.  Officers also found .38 caliber bullets and a .22 caliber ammunition box next to marijuana and a digital

12

scale in the same room as other implements commonly used in marijuana distribution, such as vacuum sealed bags and small plastic bags. While the guns were not immediately accessible to anyone in the house given that the backpack was found near the property line, they were just as accessible as the drugs, and a reasonable jury could find a sufficient nexus between the guns and the drug trafficking offense. The district court did not err in denying Hodges' renewed motion for judgment of acquittal as to Count Three.

## II.  CONCLUSION

The district court did not err in denying Hodges' renewed motion for acquittal, motion to suppress, or motion to bifurcate. The district court also did not abuse its discretion by admitting Hodges' prior convictions and videos and photographs obtained from a computer or in the exclusion of third parties' prior convictions. Finally, although the Government arguably made an improper remark during closing arguments, the remark did not affect Hodges' substantial rights. Accordingly, we affirm Hodges' convictions.[3]

**AFFIRMED.**

---

[3]  Hodges also argues that the cumulative error in his case had a substantial influence on the verdict. If there are no errors or only a single error, there can be no cumulative error. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011).