**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 21, 2016**

# In the Court of Appeals of Georgia

A16A0871. THE STATE v. SPRIGGS.

BRANCH, Judge.

After Andre Spriggs was charged with the armed robbery of a convenience store clerk whom he shot in the head, a trial court granted Spriggs' motion to suppress two undated "selfie" cell phone videos in which he talked about making money by various means, including armed robbery. The State argues that the grant was erroneous because the videos were relevant and probative evidence of Spriggs' intent and motive in the armed robbery. We disagree and therefore affirm.

We review a decision to admit or exclude evidence under OCGA §§ 24-4-403 and 24-4-404 (b) only for a "clear abuse of discretion." *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015) (citation omitted). See also *State v. Jones*, 297 Ga. 156, 164 (3) (773 SE2d 170) (2015) (the exclusion of evidence under the

balancing test of Rule 403 "is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence") (citation and punctuation omitted).

At the hearing on the motion to suppress at issue, the State proffered evidence that on September 4, 2014, Spriggs' sister Amanda opened the door to the secured cashier area of the convenience store where she was working, admitting Spriggs, who entered and demanded that the man also working there get on his knees. Spriggs then shot the man in the head, grabbed cash from behind the counter, and ran out the door. Amanda called 911, providing the dispatcher with a false description of the shooter in order to deflect attention from herself and her brother. Text messages between the two showed that they had planned and executed the robbery together.

Spriggs and his sister were arrested and charged with attempted murder, armed robbery, aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. The State filed a notice of its intention to introduce two videos from Spriggs's cell phone, which was seized in the wake of his arrest, on the ground that the videos were relevant to show Spriggs's intent, knowledge, plan, motive, opportunity, and preparation as authorized by OCGA § 24-4-404 (b). Although Spriggs told police that he "never had no gun in [his] possession, period,"

2

both videos, which are not included in the appellate record, apparently show him holding a handgun. The parties agree that in the first video, Spriggs says to the camera, "I sit back and think, man, of the ways I can make money. Shit. Nine to five, selling dope, or just straight robbing n******." In the second, Spriggs says, "Yea man, I'm an ATB azz, n***** man. Affiliated with the trap boy[,][1] man. N***** try me, man, they know what's happening, man. We stay strapped like a foo foo and I don't give a f***. I'll blow your f***ing head off, you hear me. Straight like that."

After a hearing at which the trial court viewed the two videos, the court noted that the State had failed to provide any evidence "as to when or under what circumstances" Spriggs had made the videos or that "the videos were linked to the indicted incident in any way." Accordingly, the trial court held that the State failed to show that the videos "would prove anything other than [Spriggs]' propensity to rob or injure others." Finally, the trial court held that any probative value the videos may have had "would be substantially outweighed by its undue prejudice" to Spriggs. The

---

[1] "Trap boy" is slang for drug dealer. See http://www.urbandictionary.com /define.php?term=trap+boy, accessed April 19, 2016.

State brought this appeal under OCGA § 5-7-1 (a) (5).[2] On appeal, the State concedes that the videos are not linked to the armed robbery and thus are not intrinsic to that crime.[3] Rather, the State asserts that the trial court erred when it excluded the videos as extrinsic evidence under OCGA § 24-4-403 and 404 (b) because they were relevant and probative as to Spriggs's intent and motive to commit the armed robbery at issue. See *Baughns*, 335 Ga. App. at 602 (1).

Under the three-part test adopted by our Supreme Court in *Bradshaw* and *Jones*, when the State seeks admission of "extrinsic" or "other acts" evidence, it must show that the proffered evidence

> (1) . . . is relevant to an issue other than a defendant's character, see Rule 404 (b); (2) the probative value of the other acts evidence is not

---

[2] OCGA § 5-7-1 (a) (5) authorizes appeals from "an order, decision, or judgment excluding any . . . evidence," other than evidence suppressed as the result of an illegal seizure (see OCGA § 5-7-1 (a) (4)). See *State v. Andrade*, 298 Ga. 464, 466-467 (782 SE2d 665) (2016).

[3] Compare *Baughns v. State*, 335 Ga. App. 600, 602 (1) (782 SE2d 494) (2016) ("'evidence is intrinsic to the charged offense, and thus does not fall within Rule 404 (b)'s ambit, if it (1) arose out of the same transaction or series of transactions as the charged offense; (2) is necessary to complete the story of the crime; or (3) is inextricably intertwined with the evidence regarding the charged offense'") (quoting *United States v. Nowak*, 370 Fed. Appx. 39, 41 (I) (11th Cir. 2010)); see also *United States v. Troya*, 733 F3d 1125, 1131-1132 (II) (A) (11th Cir. 2013) (unlike Rule 404 (b) evidence, relevant "direct" evidence is always admissible unless it falls under a rule of exclusion, including Federal Rule of Evidence 403).

substantially outweighed by its unfair prejudice, i.e., the evidence must satisfy the requirements of Rule 403; *and* (3) there is sufficient proof so that the jury could find that the defendant committed the act in question.

*Jones*, 297 Ga. at 158-159 (1) (citations omitted; emphasis supplied), citing *Bradshaw*, supra.

As an initial matter, it is undisputed that Spriggs made the videos at issue here. The third part of the above test for the admission of relevant evidence under Rules 403 and 404 (b) is thus satisfied. Turning to the first and second parts of the same test, then, we consider whether (1) the videos were "relevant to an issue other than [Spriggs's] character" and (2) even if so, the trial court abused its discretion in excluding them as unfairly prejudicial under Rule 403.

1. OCGA § 24-4-404 provides that, with the exception of character evidence admissible under subsections (a) (1), (2), and (3),[4]

---

[4] See OCGA § 24-4-404 (a):

Evidence of a person's character or a trait of character shall not be admissible for the purpose of proving action in conformity therewith on a particular occasion, except for:
(1) Evidence of a pertinent trait of character offered by an accused or by the prosecution to rebut the same; or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under paragraph (2) of this subsection, evidence of the same trait of character of the accused offered by the prosecution;

(b) [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of *motive, opportunity, intent, preparation, plan*, knowledge, identity, or absence of mistake or accident.

(Emphasis supplied.) Rule 404 (b) is, "on its face, an evidentiary rule of inclusion which contains a non-exhaustive list of purposes other than bad character for which other acts evidence is deemed relevant and may be properly offered into evidence." *Jones*, 297 Ga. at 159 (2) (citation omitted).

To satisfy the first prong of the test for admission of extrinsic acts, the State had to show that the evidence of the extrinsic acts was "relevant to an issue other than [Spriggs's] character." *Jones*, 297 Ga. at 158-159 (1); see also *Olds v. State*, 299 Ga. 65, 75 (2) (786 SE2d 633) (2016) ("Evidence is relevant if it has '*any tendency*' to prove or disprove a fact") (quoting OCGA § 24-4-401) (emphasis in original).

---

(2) Subject to the limitations imposed by Code Section 24-4-412, evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused or by the prosecution to rebut the same; or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor; or

(3) Evidence of the character of a witness, as provided in Code Sections 24-6-607, 24-6-608, and 24-6-609.

Although the State argued below that the videos were relevant to show opportunity and preparation, the State has not renewed these arguments on appeal. We therefore consider whether the videos were relevant, even as extrinsic evidence, to prove Spriggs's intent or motive to commit the armed robbery under Rule 404 (b).

Our Supreme Court has recently clarified that

evidence that an accused committed an intentional act generally is relevant to show — the evidence, in other words, has some tendency to make more or less probable — that the same defendant committed a *similar act with the same sort of intent, especially when the acts were committed close in time and in similar circumstances*. See generally 2 Weinstein's Federal Evidence § 404.22 (1) (a) ("The requisite intent may be inferred from the fact that, *after being involved in a number of similar incidents, the defendant must have had a mental state that is inconsistent with innocence*.")[.]

*Olds*, 299 Ga. at 72 (2) (citations omitted; emphasis supplied.) As the Eleventh Circuit has noted, "if the extrinsic acts require the *same intent* as the charged offenses and if these acts are *proximate in time* to the charged offenses, then the extrinsic act

is highly probative." *United States v. Church*, 955 F2d 688, 702 (IV) (A) (11th Cir. 1992) (citation and punctuation omitted; emphasis supplied).[5]

In order to prove that Spriggs committed armed robbery, the State would have to show that Spriggs had "the intent to commit theft and did so with an offensive weapon or any device having the appearance of such weapon." *Worthy v. State*, 237 Ga. App. 565, 567 (2) (515 SE2d 869) (1999), citing OCGA § 16-8-41 (a) (defining armed robbery) (citation and punctuation omitted). Thus the State might have obtained admission of the videos at issue if it had shown that Spriggs's extrinsic act of making the videos was "a similar act with the same sort of intent" as that of committing armed robbery. *Olds*, 299 Ga. at 72 (2) (citation omitted). The State has not shown, however, that Spriggs's act of making the videos amounted to any criminal act, let alone that it required the same or similar intent as the charged offense of armed robbery. The acts of making the videos and of committing the armed

---

[5] "Many provisions of the new Evidence Code were borrowed from the Federal Rules of Evidence, and when we consider the meaning of these provisions, we look to decisions of the federal appellate courts construing and applying the Federal Rules, especially the decisions of the United States Supreme Court and the Eleventh Circuit. [Cit.] Rule 404(b) is one such provision, see *State v. Jones*, 297 Ga. 156, 158(1) (773 SE2d 170) (2015), and so, when we have considered the meaning of Rule 404 (b), we consistently have looked for guidance in the decisions of the federal appellate courts construing and applying [that Rule]." *Olds*, 299 Ga. at 69 (2) (citations omitted).

robbery are thus not "similar acts" for purposes of Rule 403 because they do not share "the same sort of intent." *Olds*, 299 Ga. at 72 (2) (citations omitted). There is no evidence here, for example, that any of the statements made in the videos, even if threatening, identified or were communicated to any prospective victim such that they could have amounted to a terroristic threat. See, e.g., *Sidner v. State*, 304 Ga. App. 373, 375-376 (1) (696 SE2d 398) (2010) (reversing conviction for terroristic threats when there was no evidence that the defendant's threat was communicated to any victim). Further, and as the trial court noted, moreover, the State has provided no evidence that the two acts of making the video and committing the armed robbery were "committed close in time and in similar circumstances." *Olds*, 299 Ga. at 72 (2).

A recent decision from the Eleventh Circuit provides us with an instructive scenario as to when a videotape of an extrinsic act would be admissible as probative and not unduly prejudicial under Rule 404 (b), and confirms our conclusion that the videos before us do not present such a scenario. In *United States v. Hodges*, 616 Fed. Appx. 961 (11th Cir. 2015), "[t]wo witnesses with knowledge testified as to the contents and the circumstances of discovery" of videos and photographs "taken from a computer or external hard drive" showing the defendant "sitting beside what appear[ed] to be marijuana and a digital scale" and also showing "marijuana

9

displayed alongside cash, digital scale, and guns[.]" Id. at 966-967 (3) (C). The Eleventh Circuit held that the videos and photographs were relevant to Hodges's "intent to distribute the marijuana found in the house" as well as his "intent to exercise control over the guns found outside" the house, and thus to the charged offenses of possession of marijuana with intent to distribute and possession of firearms in furtherance of drug trafficking. Id. at 967 (3) (C). A jury could reasonably conclude that the acts portrayed on the videos in *Hodges* were committed with *the same criminal intent* as those charged, with the result that the videos portraying such acts would be admissible extrinsic evidence under Rule 404 (b). Here, as we have noted, Spriggs's making of the videos was not a criminal act, with the result that the State has failed to show that the making of the videos and the armed robbery were either "similar acts with the same sort of intent." *Olds*, 299 Ga. at 72 (2).

The result is the same as to the State's argument that the videos were admissible as extrinsic evidence to show motive in the armed robbery. As an example, the Eleventh Circuit has ruled that prior drug convictions are not only "highly probative of intent" as to charged drug and firearm offenses, but also "probative of [the defendant's] knowledge of the drug trade [as showing] his motive to possess a gun." *United States v. Johnson*, 348 Fed. Appx. 468, 469 (11th Cir. 2009); see also

10

*Bradshaw*, 296 Ga. at 657 (evidence of a prior murder was relevant to motive "because it demonstrated [defendant's] willingness to use violence when he or someone close to him is cheated in a drug deal") (citation omitted). By contrast, Spriggs's act of making videotapes containing vague threats and showing him in possession of a gun does not demonstrate motive, as these acts were not in themselves criminal. Further, the fact that Spriggs possessed a gun in the armed robbery he allegedly committed "do[es] nothing to distinguish [Spriggs] from most other robbers or to prove a specific motive for this crime." Milich, Georgia Rules of Evidence, 2015-2016 ed., § 11.13, pp. 317-318, n. 6. Instead, such facts show only a mere propensity to commit armed robbery, and are thus inadmissible. Id.

2. Even if we assume that the videos were relevant to prove intent or motive to commit the armed robbery, the second part of the test for admission of extrinsic evidence provides that a trial court may exclude "[r]elevant evidence . . . if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403. "Even when a trial court determines that all three prongs of the test for admissibility under OCGA § 24-4-404 (b) are satisfied, the trial court may still exclude the

11

evidence pursuant to OCGA § 24-4-403" as long as that exclusion is not an abuse of discretion. *State v. Brown*, 333 Ga. App. 643, 653 (3) (777 SE2d 27) (2015). Here too, our Supreme Court has given us recent guidance to the effect that "the greater the tendency to make the existence of a fact more or less probable, the greater the probative value." *Olds*, 299 Ga. at 75 (2).

> [T]he extent to which evidence tends to make the existence of a fact more or less probable depends significantly on *the quality of the evidence and the strength of its logical connection to the fact for which it is offered*. See Milich, Georgia Rules of Evidence § 6.1 (2015) ("Probative value refers to the strength of the connection between the evidence and what it is offered to prove."). Probative value also depends on the marginal worth of the evidence — how much it adds, in other words, to the other proof available to establish the fact for which it is offered. The stronger the other proof, the less the marginal value of the evidence in question.

Id. at 75-76 (2) (footnotes omitted; emphasis supplied).

The videos at issue here have not been included in the appellate record, with the result that notwithstanding the parties' agreement as to their verbal content, we must defer to the trial court's determination that taken as a whole, their prejudicial effect substantially outweighed their probative value. See *State v. Reid*, 313 Ga. App. 633, 634-635 (722 SE2d 364) (2012) (where trial court's judgment was based not

only on a video absent from the appellate record, but also on an assessment of credibility, the appellate court was required to defer to the trial court's ruling and did affirm that ruling). As we have already noted, moreover, the State failed to introduce any evidence as to the time when the videos were made, and the videos themselves make no reference to any specific victim, such that they have only a tenuous "logical connection" to Spriggs's intent to commit the specific armed robbery at issue and thus little or no probative value as extrinsic evidence. *Olds*, 299 Ga. at 76 (2); compare *Church*, 955 F3d at 702 (IV) (A) (if an extrinsic act "require[s] the same intent as the charged offenses and is proximate in time to the charged offenses, then the extrinsic act is highly probative"). Finally, the videos at issue here included statements as to Spriggs's involvement in drug dealing, an illegal activity which had no relevance to the charged crime of armed robbery, but references to which would have been highly prejudicial. See *United States v. Loughry*, 660 F3d 965, 972-975 (II) (A) (4), (B) (7th Cir. 2011) (trial court abused its discretion in admitting child pornography videos, the probative value of which was substantially outweighed by the danger of unfair prejudice as to the adult pornography charges at issue such that a new trial was required). This record thus supports the trial court's discretionary determination that

any probative value the videos might have had was substantially outweighed by their unduly prejudicial effect.

For these reasons, we affirm the court's exclusion of the videos under OCGA §§ 24-4-403 and 24-4-404 (b). See *State v. Dowdell*, 335 Ga. App. 773, 781 (783 SE2d 138) (2016) (Peterson, J., concurring specially) (because "the record contains some support for the trial court's conclusion that the proffered other-acts evidence would be of limited probative value," the appellate court could not "set that conclusion aside while applying an abuse of discretion standard" to the decision to exclude that evidence).

*Judgment affirmed. Mercier, J., concurs. Ellington, P. J., concurs in judgment only.*